**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE/NALOXONE) FILM PRODUCTS LIABILITY LITIGATION )))))) | Case No. 1:24-md-3092<br><br>MDL No. 3092<br><br>Judge J. Philip Calabrese |
| This Document Applies to All Cases )) | |

**CASE MANAGEMENT ORDER NO. 1
INITIAL STATUS CONFERENCE**

By order dated February 2, 2024, the Judicial Panel on Multidistrict Litigation transferred to this Court the cases presently subject to transfer in MDL Case No. 3092. It is expected that additional cases filed later may be transferred to the Court as well. The Court schedules an initial status conference for **March 7, 2024** at 9:00 am in Courtroom 16B, Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland, Ohio. Please note that this is an initial status conference only and that the parties are not required to provide a Rule 26(f) Report in advance of the conference.

1. **Attendance**

To minimize costs and facilitate a manageable conference, counsel for all parties are *not* required to attend the conference in person, and counsel with similar interests should agree to the extent practicable on a single attorney to act on their joint behalf at the conference. By designating an attorney to represent its interests at the conference, a party will not be precluded from other representation during the litigation. Attendance at the conference will not waive objections to jurisdiction,

venue, or service. Counsel who wish to listen by phone shall notify the Court's MDL Clerk, Corey McCardle (corey_mccardle@ohnd.uscourts.gov), by **March 4, 2024**. Any counsel who seeks a leadership position in this MDL, and other counsel who wish to be heard, should be present in the courtroom. Counsel who do not attend in person will not be heard at this initial status conference.

2. **Other Participants**

Counsel whose clients are not parties in this litigation, but may later be joined, are invited to attend or participate.

3. **Service List**

This order is being sent to counsel who have made appearances in the cases currently consolidated in MDL 3092. Counsel on this list should forward a copy of this order to other attorneys who should be notified of the conference.

4. **Joint Memorandum and Discussion of Issues**

By **March 1, 2024**, Plaintiffs' and Defendants' counsel shall confer and file a joint memorandum addressing the following matters (which are listed in no particular order) and any other issues the parties deem relevant at this stage of the proceedings:

> a. Whether categories of cases raise different common issues of law or fact;
>
> b. The anticipated number of additional cases and whether any will involve materially different types of claims or legal or factual issues (e.g., class actions or claims other than personal injury claims);

  c.  Whether a document repository should be created and, if so, how it should be funded and maintained and who should have access;

  d.  Protocols for discovery of electronically stored information and format of production;

  e.  Protective order(s) and order(s) under Rule 502;

  f.  A direct-filing order;

  g.  Jurisdictional issues relating to Reckitt Benckiser LLC and Reckitt Benckiser Healthcare (UK) Ltd. and whether any motions are presently pending in any case transferred to this MDL;

  h.  Federal-State coordination and whether similar cases have already been resolved through settlement, motion practice, or trial;

  i.  Timing for corporate disclosure statements, initial disclosures, and service of written discovery requests and responses, including whether to use fact sheets;

  j.  Use of Special Masters, the Magistrate Judge, or other neutrals;

  k.  The frequency and format for regular conferences, including reports to the Court; and

  l.  Other matters the parties think need to be addressed at the initial status conference.

**5. Leadership**

The Court intends to appoint leadership counsel for Plaintiffs. Thus far, it appears that such a step might not be necessary for Defendants, but the Court will

also consider appointment of liaison and/or leadership counsel for Defendants if appropriate. Applications for Plaintiffs' lead counsel must be filed by **March 1, 2024**.

The Court will only consider attorneys who have filed a civil action or an appearance in this litigation. Important selection criteria will include: (1) ability to work cooperatively with others and solve novel or complex problems practically, efficiently, and creatively; (2) willingness and ability to commit to a lengthy and time-consuming process; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. The Court will also consider the opportunity for qualified attorneys who do not necessarily have a wealth of MDL leadership experience if it appears that such an attorney is capable and will make meaningful contributions to the conduct of this MDL with proper support from other lawyers in leadership.

Applications should include a résumé or curriculum vitae, and the names of judges before whom the applicant has appeared or with whom the applicant has worked in complex litigation.

Finally, the Court will consider a process for periodic evaluation and/or review of counsel selected for leadership positions.

**6.    Plaintiffs' Separate Submission**

By **March 1, 2024**, Plaintiffs' counsel shall file a separate memorandum addressing:

> a.   A proposed leadership structure for Plaintiffs in this MDL, including the designation of lead or liaison counsel and supporting committees;

4

  b.  The responsibilities and authority for leadership counsel and limitations on the same; and

  c.  Whether a common benefit fee and expense fund should be established and, if so, how the fund should be managed.

**7. Deadlines for Pleadings and Discovery**

Until further order, the Court stays the deadline for Defendants to answer, move, or otherwise plead in response to any complaint. Further, between now and the status conference, the Court stays all outstanding disclosures, discovery, and briefing on motions to dismiss. At the status conference, the Court will discuss how to handle the pleadings and appropriate deadlines for doing so.

This order does not: (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) prevent a party from voluntarily making disclosures or responding to an outstanding discovery request; or (3) authorize a party to suspend its efforts in preserving or gathering information needed to respond to outstanding or anticipated discovery requests.

**8. Later-Filed and Tag-Along Cases**

This order applies to any cases later filed in, transferred to, or removed to this Court.

**9. Admission of Counsel**

Rule 2.1(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation provides: "Any attorney of record in any action transferred under Section 1407 may continue to represent his or her client in any district court of the United States to which such action is transferred." Consistent with this Rule, the Court does

not require a motion or fee to appear *pro hac vice*; however, the Court does require that counsel establish and maintain an account for electronic filing.  Please contact Corey McCardle (<u>corey_mccardle@ohnd.uscourts.gov</u>) with any questions regarding electronic filing in this MDL.

**SO ORDERED.**

Dated:  February 7, 2024

					J. Philip Calabrese
					United States District Judge
					Northern District of Ohio