**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE SUBOXONE (BUPRENORPHINE/NALOXONE) FILM PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | Case No. 1:24-md-3092<br><br>MDL No. 3092<br><br>Judge J. Philip Calabrese |
| This Document Applies to All Cases | ) ) | |

**MINUTES AND ORDER**

On March 7, 2024, the Court held an initial case management conference on the record.

The following attended on behalf of Plaintiffs: Ashlie Case Sletvold, Tim Becker, Alyson Steele Berdion, Erin Copeland, C. Andrew Childers, Lee Adair Floyd, Trent Miracle, Heaven Jaafar, Sara Papantonio, Sara Schramm, Joyce Chambers Reichard, Richie Clark, Layne Hilton, Sara Watkins, Lisa Ann Gorshe, R. Stanley Gipe, Matthew Dolman, Jessica Wieczovkiewicz, Kristine Kraft, Scott Kuboff, Meghan Connolly, Ed Wallack, Joseph Masterman, Davis Cooper, N. John Bey, David Matthews, and Sina Toussi.

The following attended on behalf of Defendants Indivior, Inc., Indivior Solutions, Inc., Indivior PLC, Acquestive Therapeutics, Inc., Reckitt Benckiser LLC, and Reckitt Benckiser Health Care (UK) Ltd.: Randall Christian, Mary Pawelek, Matthew Streety, and Denise A. Dickerson.

The following attended on behalf of Defendant Monosol, LLC: Allyson Cady.

The following appeared remotely: Juan M. Garibay, Jennifer Duffy, Michelle Rodriguez, Roger Cotner, Asim Badaruzzaman, Erin Riddle, Luis Escobar, and Victor Alves.

Based on the parties' joint submission (ECF No. 32) and the Court's review of the record, the following agenda items were discussed.

**1.      Organization of Counsel**

The parties advised the Court that they have jointly agreed to Plaintiffs' proposed slate of leadership counsel. No person spoke in opposition to the motion to appoint that leadership slate. By separate Order, the Court will grant the motion and appoint leadership for Plaintiffs.

**2.      Structure of Future Meetings**

The parties agreed that holding status conferences every four to six weeks is appropriate, at least in the beginning stages of this litigation. The parties also agreed that they would decide, for each conference, about in-person attendance and the necessity for a court reporter.

**3.      Jurisdiction**

The Court confirmed that Plaintiffs residing in Virginia, Indiana, Delaware, and New Jersey would not have diversity of citizenship and questioned whether the claims of certain Plaintiffs will meet the requisite amount in controversy for diversity jurisdiction. Plaintiffs' counsel represented that their clients have suffered a broad spectrum of injuries and incurred differing amounts of medical costs. Based on its review of the record at this stage of the proceedings and its discussions with counsel

at the status conference, the Court is satisfied that it has subject matter jurisdiction over a sufficient number of claims in the MDL.

Defense counsel advised the Court that they have been working cooperatively with Plaintiffs to provide declarations and additional documentation to support the personal jurisdiction objections of three specific entities. The parties suggested that they may reach a resolution without any motion practice. Defense counsel reported that Defendant Reckitt Benckiser Healthcare (UK) Ltd. will insist on service under the Hague Convention. Plaintiffs agreed to hold service in abatement for Reckitt Benckiser Healthcare (UK) Ltd. until the parties decide whether to dismiss the foreign defendants.

**4.     Document Repository and Master Pleadings**

The Court suggested that the parties consider maintaining a document repository to house a common set of the scientific literature, depositions, and other important documents as the case progresses. The Court also advised the parties that it could not access some of the medical journal articles cited in the complaint and motion papers filed with the JPML.

The Court requested the parties' thoughts on master pleadings. Plaintiffs have not taken a position on this issue yet, but they advised that they would not insist on separate answers for each complaint. The parties advised that they are working together to address this issue. The Court notified the parties that the responsive pleading stay remains in force pending further Order.

**5.     Discovery**

The parties discussed bifurcating discovery between general causation and case-specific inquires. Defendants support bifurcating discovery; Plaintiffs oppose. The Court suggested that Defendants create a specific proposal about how they envision bifurcating discovery and what types of information would proceed or be deferred. Also, the parties also discussed their views on structuring profile forms and fact sheets.

Plaintiffs' counsel seeks discovery of documents and depositions from Defendants' antitrust cases concerning the development and marketing of Suboxone. Plaintiffs' counsel maintains that this information will streamline discovery in this litigation and help structure an ESI protocol. Defense counsel argued that discovery from that case is irrelevant to this litigation. To facilitate productive discussions on this issue, the Court suggested that Plaintiffs serve targeted discovery requests on Defendants for specific documents and depositions from the antitrust cases and that, at least initially, Defendants would have no obligation to respond to the requests.

**6.     Initial Orders**

The parties advised the Court that they are close to agreeing on a direct filing order. The Court directed the parties to provide instructions for direct-filing Plaintiffs to include allegations in their complaints describing their home venue—the court in which the plaintiff would have filed their case originally but for direct filing in this MDL.

Plaintiffs' counsel shared that they sent proposed versions of a protective order, an ESI protocol, and a Rule 502(d) protocol to defense counsel. Defense counsel

advised that they are working cooperatively to negotiate those documents and hopefully make joint submissions. The parties advised the Court that agreeing to a document production format at this juncture is premature. The Court suggested that the parties discuss the timing and sequencing of initial disclosures for generic issues that would apply in all cases.

Based on these discussions, the Court sets the following deadlines:

| | |
|---|---|
| Corporate disclosure statements due: | March 11, 2024 |
| Direct filing order due: | March 15, 2024 |
| Protective order and Rule 502(d) order due: | May 6, 2024 |

**7. MonoSol Entities**

Plaintiffs' counsel advised the Court that they will dismiss the MonoSol entities from all cases in the litigation. After discussion with counsel, the Court suggested a stipulation pursuant to Rule 41 in the MDL with a schedule of the specific cases to which it applies. Plaintiffs' counsel agreed to this approach, as did counsel for MonoSol. Defense counsel for Indivior and Reckitt Benckiser also did not object and requested that any future dismissal of defendants follow the same procedure.

**8. Special Master, Magistrate Judge, and Science Day**

The parties discussed the potential appointment of a special master and how they could utilize the Magistrate Judge in the future. The parties agreed that a science day would be beneficial at an appropriate point in the litigation.

**9.     Next Status Conference**

The Court sets the next status conference for April 16, 2024 at 2:00 p.m. in Chambers 16B, Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland, Ohio.  Counsel who wish to listen by phone shall notify the Court's MDL Clerk, Corey McCardle (corey_mccardle@ohnd.uscourts.gov) by April 12, 2024.  The Court **ORDERS** the parties to submit an agenda for the conference by April 11, 2024 at 12:00 p.m.

**SO ORDERED.**

Dated:  March 8, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio