UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE/NALOXONE) FILM PRODUCTS LIABILITY LITIGATION<br><br>This Document Applies to All Cases | Case No. 1:24-md-3092<br><br>MDL No. 3092<br><br>Judge J. Philip Calabrese |

CASE MANAGEMENT ORDER NO. 2:
APPOINTMENT OF PLAINTIFFS' LEADERSHIP COMMITTEE

The Court has considered the Motion to Appoint Plaintiffs' Leadership (ECF No. 27) and related supplement (ECF No. 33). On its independent review, and for good cause shown, the Court **GRANTS** the motion and appoints leadership for this MDL as detailed below.

I. **Applicability of this Order**

This Order shall govern practice and procedure before this Court regarding *In re: Suboxone (Buprenorphine/Naloxone) Film Products Liability Litigation*, MDL No. 3092 and all related actions that have been or will be filed in, transferred to, or removed to this Court and assigned to this MDL. This Order is binding on all parties and their counsel in all cases that are or will be made part of this MDL.

II. **General Provisions and Responsibilities of Counsel**

All appointments to the Plaintiffs' Leadership Committee ("PLC") made in this Order are personal to the individual attorney appointed. While the Court has considered the PLC's members' resources and expects that they will draw upon their

firms and co-counsel to assist them with their duties and funding obligations, each member is personally responsible for those duties and obligations.

It is intended and expected that—as to all matters common to the coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by all Plaintiffs' counsel to their respective clients—pretrial proceedings shall be conducted by and through the appointed leadership. No pleadings or other papers shall be filed, or discovery conducted concerning liability, on behalf of all Plaintiffs except as prepared by or on behalf of the PLC as set forth in this Order.

Counsel are directed to familiarize themselves with the Manual for Complex Litigation (Fourth), so they may suggest procedures that will facilitate the just, speedy, and inexpensive determination of this litigation. *See* Fed. R. Civ. P. 1. Counsel are also directed to familiarize themselves with the local rules for this District and the Court's Civil Standing Order. All appointed leaders are required to notice their appearance in this MDL to receive service of electronic filings.

The Court recognizes that cooperation by and among Plaintiffs' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' counsel shall not be deemed a waiver of attorney-client privilege or the attorney-work-product doctrine. Cooperative efforts by Plaintiffs' counsel to advance the litigation, either before or during the proceedings of this MDL, shall in no way be used against any Plaintiff by any Defendant.

### III. Plaintiffs' Leadership Committee Appointments

The Court has reviewed the application materials of counsel seeking to serve in leadership positions. The Court makes the following appointments based on the criteria set forth in the Manual for Complex Litigation, specifically: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; (c) professional experience in this type of litigation; and (d) access to sufficient resources to advance the litigation in a timely manner.

### III.A. Plaintiffs' Co-Lead Counsel and Court Liaison

The Court appoints the following attorneys as co-lead counsel:

| | |
|---|---|
| Ashlie Case Sletvold<br>PEIFFER WOLF CARR KANE<br>CONWAY & WISE, LLP<br>6370 SOM Center Road, Suite 108<br>Cleveland, Ohio 44139<br>(216) 589-9280<br>asletvold@peifferwolf.com | Erin K. Copeland<br>FIBICH, LEEBRON,<br>COPELAND & BRIGGS<br>1150 Bissonnet Street<br>Houston, Texas 77005<br>(713) 424-4682<br>ecopeland@fibichlaw.com |
| Timothy J. Becker<br>JOHNSON // BECKER, PLLC<br>444 Cedar Street, Suite 1800<br>St. Paul, Minnesota 55101<br>(612) 436-1800<br>tbecker@johnsonbecker.com | Trent B. Miracle<br>FLINT COOPER LLC<br>222 East Park Street, #500<br>Edwardsville, Illinois 62025<br>(618) 288-4777<br>tmiracle@flintcooper.com |

The Co-Leads are responsible for coordinating Plaintiffs' activities during pretrial proceedings and shall:

1. Structure the leadership through formal or informal committees, subcommittees, and working groups as they deem appropriate and adjust the structure as the litigation develops over time;

2. Call meetings of the PLC and/or non-PLC Plaintiffs' counsel for any appropriate purpose;

3

3. Monitor the activities of the PLC and other co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

4. Consult upon and determine the Plaintiffs' position on all matters arising during pretrial proceedings;

5. Sign and file all pleadings that relate to all actions and/or direct the Court-appointed Liaison Counsel to file on behalf of the PLC;

6. Coordinate the scheduling and conduct of all pretrial discovery on Plaintiffs' behalf including issuing in the name of all Plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to witnesses and documents needed to properly prepare for the pretrial discovery of relevant issues;

7. Prepare protocols and schedules for discovery and the develop platforms to allow for equitable and efficient use of discovery secured through this MDL;

8. Initiate, coordinate, and conduct (or designate others to do so) the requisite meet and confers with Defendants, confer with Defendants regarding procedural matters, and negotiate stipulations with Defendants regarding this MDL;

9. Identify witnesses to be noticed for deposition and determine the lead examiner(s) for each noticed deposition;

10. Suggest, in consultation with Defendants, the ordering, priority, and response to all motions and other case-management issues;

11. Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon the PLC, and make such papers available to non-PLC Plaintiffs' counsel (or any *pro se* Plaintiffs) upon reasonable request;

12. Establish a common-benefit assessment to fund the litigation from the attorneys appointed to leadership and serve as treasurer for common-benefit assessments and expenditures, maintaining records of receipts and disbursements advanced, received, or paid;

13. Delegate specific tasks to the Plaintiffs' Executive and Steering Committees or to other non-PLC counsel to ensure that pretrial preparation for Plaintiffs is conducted efficiently and effectively,

4

  including, at the appropriate juncture, selection of trial team(s) for bellwether cases;

14. Consult with and employ consulting and testifying experts as necessary;

15. Suggest, in consultation with Defendants, the appointment of special master(s) under Rule 53;

16. Conduct settlement negotiations on Plaintiffs' behalf;

17. Establish a Leadership Development Committee;

18. Determine whether changes to the leadership structure are appropriate as the litigation progresses; and

19. Perform such other duties as may be necessary for effective and efficient coordination of Plaintiffs' pretrial activities or authorized by further order of the Court.

Co-Lead Counsel shall also have the authority to retain the services of any attorney not part of the leadership to perform any common-benefit work, provided the attorney so consents and is bound by the PLC's compensation structure.

The Court appoints Ms. Sletvold, an attorney resident in this District, to serve as the Court's Liaison Counsel for this MDL. In that role, she shall personally appear at all Court-noticed conferences and hearings and initiate all direct correspondence with the Court on Plaintiffs' behalf, and/or designate another attorney to perform either of those tasks in her absence.[1] Ms. Sletvold shall perform other necessary administrative and logistical functions and carry out any other duty as the Court may order.

---

[1] If emergency circumstances require direct communication with the Court by individual counsel, copies of any such communications shall be simultaneously served upon the Co-Leads and Plaintiffs' Liaison Counsel (as appointed below) by email.

**III.B. Plaintiffs' Executive Committee and Plaintiffs' Liaison Counsel**

The Court appoints the following attorneys to serve on the Plaintiffs' Executive Committee:

Alyson Steele Beridon
HERZFELD, SUETHOLZ, GASTEL, LENISKI, AND WALL, PLLC
600 Vine Street, Suite 2720
Cincinnati, Ohio 45202
(513) 381-2224
alyson@hsglawgroup.com

C. Andrew Childers
CHILDERS, SCHLUETER & SMITH, LLC
1932 North Druid Hills Road, #100
Atlanta, Georgia 30319
(404) 419-9500
achilders@cssfirm.com

Lee Floyd
BREIT BINIAZAN
2100 East Cary Street, Suite 310
Richmond, Virginia 23223
(804) 351-9040
lee@bbtrial.com

Layne Hilton
MEYER WILSON
900 Camp Street, Suite 337
New Orleans, Louisiana 70130
(614) 255-2697
lhilton@meyerwilson.com

Russ Abney
WATTS LLP
4 Dominion Dr., Bldg. 3, Suite 100
San Antonio, Texas 78257
(210) 447-0500
russ@wattsllp.com

The Executive Committee shall consult regularly with the Co-Leads to suggest and advise on strategy and priorities for advancing the litigation. The members of the Executive Committee shall carry out all work assigned to them by the Co-Leads.

Further, the Court appoints Ms. Beridon to serve as Plaintiffs' Liaison Counsel for this MDL. In that capacity, she shall:

1. Provide periodic reports (at least quarterly) to non-PLC Plaintiffs' counsel concerning the status of the litigation;

2. Communicate the substance of all Court hearings or conferences to all other Plaintiffs' counsel as directed by the Co-Leads;

3. Receive and coordinate with the Co-Leads regarding any individual non-PLC attorney's written request to issue discovery requests, notices, or subpoenas to facilitate the preparation of the pretrial stages of her client's or clients' particular claims;

4. Receive and (following consultation with the Co-Leads) respond to inquiries from non-PLC Plaintiffs' counsel regarding this litigation; and

5. Perform such other functions as may be expressly authorized by the Co-Leads or further order of the Court.

**III.C. Plaintiffs' Steering Committee**

The Court appoints the following attorneys to serve on the Plaintiffs' Steering Committee:

Kristine Kraft
SCHLICTER BOGARD & DENTON
100 South Fourth Street
Suite 1200
St. Louis, Missouri 63102
(314) 884-7706
kkraft@uselaws.com

Meghan P. Connolly
LOWE SCOTT FISHER
115 Main Street
Chardon, Ohio 44024
(216) 781-2600
mconnolly@lsflaw.com

Jessica Wieczorkiewicz
WALLACE MILLER
150 North Wacker Drive, #1100
Chicago, Illinois 60604
(312) 261-6193
jw@wallacemiller.com

Sara Schramm
HAMMERS LAW FIRM
5555 Glenridge Connector, Suite 975
Atlanta, Georgia 30342
(770) 900-9000
sara@hammerslawfirm.com

Sara Papantonio
LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
(850) 435-7043
spanantonio@levinlaw.com

David P. Matthews
MATTHEWS & ASSOCIATES
2905 Sackett Street
Houston, Texas 77098
(713) 522-5250
dmatthews@thematthewslawfirm.com

| | |
|---|---|
| P. Davis Cooper<br>COOPER LAW PARTNERS PLLC<br>1717 Pennsylvania Avenue NW<br>Suite 1023<br>Washington, DC 20006<br>(202) 866-0171<br>davis@cooperlawpartners.com | N. John Bey<br>BEY & ASSOCIATES<br>191 Peachtree Street NE #3200<br>Atlanta, Georgia 30303<br>(770) 525-9491<br>john@beyandassociates.com |
| R. Stanley Gipe<br>DOLMAN LAW GROUP<br>800 North Belcher Road<br>Clearwater, Florida 33765<br>(727) 451-6900<br>stan.gipe@dolmanlaw.com | Joyce Chambers Reichard<br>Kelley Ferraro LLC<br>950 Main Avenue, Suite 1300<br>Cleveland, Ohio 44113<br>(216) 575-0777<br>jreichard@kelley-ferraro.com |
| Sara Watkins<br>ROBERT PEIRCE & ASSOCIATES P.C.<br>707 Grant Street, Suite 125<br>Pittsburgh, Pennsylvania 15219<br>(412) 281-7229<br>swatkins@peircelaw.com | |

The members of the Steering Committee shall carry out all work assigned to them by the Co-Leads.

### IV. Plaintiffs' Leadership Development Committee

The Co-Leads, together with input from the PEC and PSC, shall also endeavor to create a Leadership Development Committee to promote and advance the development of future leadership candidates. Within 60 days of this Order, the Court Liaison shall submit a proposed order for creation of the Leadership Development Committee, including a designated chairperson from among the PSC to lead this effort.

### V. Additional Provisions

All timekeepers carrying out work for Plaintiffs' common benefit who may look to any common-benefits fund or agreement for reimbursement or compensation shall

maintain detailed and contemporaneous time records. The Court will issue a subsequent order regarding the guidelines and rules for work done and expenses incurred for the common benefit of all Plaintiffs in this MDL.

The Court is mindful that counsel within the PLC will fund much of the common-benefit litigation and that each of the members of the PLC have warranted their ability and willingness to fund the litigation as determined by the Co-Leads. The failure of any member of the PLC to meet any of the advance-funding obligations as determined by the Co-Leads may constitute grounds for removal from the PLC.

Under no circumstances are PLC members responsible for the filings, discovery, or any other issue or matter related to an individual Plaintiff's case or claim. No member of the appointed leadership in this MDL is in any way responsible for the attorney-client relationship and duties and responsibilities each individual attorney or law firm owe to a client in prosecuting an individual case or claim.

If circumstances warrant, the Court may add or replace members of the leadership at any time upon its own motion or request from the Co-Leads. Unless otherwise modified by the Court, all appointments are for one year and subject to annual renewal (beginning on July 1, 2025). Should the Co-Leads determine that modifications to the PLC are not needed in a given year, they shall submit a notice to that effect. Should the Co-Leads determine that members should be added to or removed from the slate, they shall submit a brief description of the basis for the alterations along with a proposed order. Any such submissions shall be made at least two weeks before the annual renewal date.

**SO ORDERED.**

Dated: March 8, 2024

                                            J. Philip Calabrese
                                            United States District Judge
                                            Northern District of Ohio