**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE SUBOXONE ) | Case No. 1:24-md-3092 |
| (BUPRENORPHINE/NALOXONE) ) | |
| FILM PRODUCTS LIABILITY ) | MDL No. 3092 |
| LITIGATION ) | |
| ) | Judge J. Philip Calabrese |
| This Document Applies to All Cases ) | |
| ) | |

**CASE MANAGEMENT ORDER NO. 3**
**DIRECT FILING AND SERVICE OF PROCESS**

By agreement of the parties and upon review of their proposal, the Court **ORDERS** as follows:

**I.       Scope of the Order**

**I.A.**   This Stipulated Order shall govern (1) cases transferred to the Court by the Judicial Panel on Multidistrict Litigation pursuant to its February 2, 2024 Transfer Order; (2) any tag-along actions subsequently transferred to the Court by the JPML under Rule 7.1 of the Panel's Rules of Procedure; and (3) all related cases originally filed in the Court or transferred or removed to the Court.

**I.B.**   Nothing in this Order including acceptance and confirmation of service of process shall constitute a waiver of any defenses that may be available under Rule 12, Rule 9, Rule 8, or any other Federal Rule of Civil Procedure, including jurisdictional defenses, or a waiver of any statutory or common-law defenses that may be available to any Defendant in this action or any other matter in this jurisdiction. Defendants expressly reserve their rights to raise any such defenses in response to

any operative complaint, and Plaintiff will not argue there has been any such waiver by this Order.

## II. Direct Filing in MDL 3092

### II.A. Direct Filing Permitted

Actions may be directly filed in the Northern District of Ohio for inclusion in this MDL. To eliminate potential delays associated with transfer to the Court of actions filed in or removed from other courts, and to promote judicial efficiency, any Plaintiff alleging dental injuries as a result of using Suboxone film may file her or his action against Defendants directly in this District as a member case of the MDL.

### II.B. No Requirement of Direct Filing

Nothing in the Order is intended to require that a member case be directly filed into the MDL.

### II.C. Process for Direct Filing

Direct-filed complaints should ***not*** be filed under the MDL case number. Each action directly filed in this District for inclusion as a member case in this MDL must be initiated by opening a new case and paying the standard filing fee. Counsel should familiarize themselves with the Northern District of Ohio's User's Manual for Case Management/Electronic Case Filing (CM/ECF) (Sept. 2017), which is available at https://www.ohnd.uscourts.gov/sites/ohnd/files/CMECFUserManual41009.pdf.

For step-by-step instructions for opening a new MDL member case, filers are directed to the document "Instructions for Filing MDL Complaints" which can be found at https://www.ohnd.uscourts.gov/electronic-filing.

### II.D. Attorney Admission for Direct-Filed Cases

An attorney admitted to practice and in good standing in any United States District Court is automatically admitted *pro hac vice* in this litigation without motion or fee. Association of co-counsel for purposes of filing and/or litigation, including direct filing, is not required. As noted in CMO 1, attorneys of record in any transferred action may continue to represent their clients in this District without motion or fee to appear *pro hac vice*. (ECF No. 7, ¶ 9, PageID #19–20.)

### II.E. Electronic Filing

Attorneys appearing must register for electronic filing in the Northern District of Ohio. An attorney filing a complaint in the Northern District of Ohio, per this Order or otherwise, must have or register for a Northern District of Ohio CM/ECF login name and password. Filing of a complaint in this District requires completion of a Civil Cover Sheet, which can be found here: https://www.ohnd.uscourts.gov/sites/ohnd/files/civil-cover-sheet.pdf. When filing a complaint in this District under this Order, Plaintiff's counsel must identify the MDL Case name and number in Section VIII to ensure the case is included as a member case of the MDL.

### II.F. Designated Forum

Any Plaintiff who directly files an action under this Order must use the caption set forth in Section II.I. below and include both (1) a statement indicating that it is being filed pursuant to this CMO No. 3, and (2) a designation of venue ("Original Venue") (as set forth in Section II.H. below), which if proper will be the place of remand absent a showing by any party that the place of remand should be elsewhere or absent any agreement that may be reached concerning a waiver of the

3

requirements for transfer under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

**II.G.  No *Lexecon*, Jurisdictional, or Other Waiver**

**II.G.1.** Each action directly filed pursuant to this Order or transferred to this MDL will become a member case for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's February 2, 2024 Transfer Order. The parties' agreement to this Order does not constitute a waiver under *Lexecon* or otherwise by any party of that party's right to challenge jurisdiction, venue, choice of law, statutes of limitation or repose, *forum non conveniens*, the location of trials to be held, or any other legal rights or remedies. Nor does agreeing to this Order constitute acquiescence in or consent to the jurisdiction of the Court or any Original Venue by these Defendants.

**II.G.2.** The parties agree that Defendants Reckitt Benckiser LLC, Reckitt Benckiser Healthcare (UK) Ltd., and Indivior PLC can and will file threshold motions in the MDL seeking dismissal under Rule 12(b)(2) for lack of personal jurisdiction under the applicable law through a process to be agreed upon by the parties, subject to Court approval of that process. To the extent that certain cases are governed by different standards for personal jurisdiction, Defendants Reckitt Benckiser LLC, Reckitt Benckiser Healthcare (UK) Ltd., and Indivior PLC expressly reserve their right to challenge personal jurisdiction through any such process. Plaintiffs further agree that by deferring challenges to personal jurisdiction and venue under this Paragraph,

4

no Defendant has waived those defenses or acquiesced to being a proper party in any forum.

### II.H. Transfer for Trial to Federal District Court of Proper Venue and Jurisdiction

Upon completion of pretrial proceedings applicable to a case directly filed in MDL No. 3092 pursuant to this Order and as determined by the Court, under 28 U.S.C. § 1404(a) or pursuant to Rule 10.1 *et seq.* of the Panel's Rules of Procedure, the Court will presumptively transfer that case to the identified Original Venue, absent an objection by one or more parties or unless the Plaintiff and Defendants jointly advise the Court that the case should be transferred to another district in which venue and jurisdiction is proper. Objections or a change regarding a plaintiff's designated Original Venue may be raised by motion and/or stipulation by the parties, or other means permitted by the Court, within 30 days following notification by the Court of a pending transfer or as otherwise agreed by the parties. The parties may agree to a place of remand different than the Original Venue designated in a complaint. Nothing in this Order shall preclude the parties from a future agreement to try cases directly filed in the MDL in the Northern District of Ohio.

### II.I. Caption and First Paragraph for Direct-Filed Cases

Each plaintiff alleging dental injury as a result of using Suboxone film shall file an individual complaint. (To the extent that a Plaintiff's spouse alleges a loss-of-consortium claim, the Plaintiff spouse's claim may be pled in the complaint of the spouse who alleges the physical injury.) The caption for any complaint directly filed in MDL No. 3092 shall bear the caption below and include the lead paragraph that

follows the caption. The checkbox factors in the lead paragraph do not represent exclusive factors to be considered for determination of venue. In addition, the selection of any single or multiple checkbox factor(s) in the lead paragraph does not establish that the venue designated is proper, and Defendants expressly reserve their rights to challenge the designated venue irrespective of any such selection:

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: SUBOXONE (BUPRENORPHINE/NALOXONE) FILM PRODUCTS LIABILITY LITIGATION | Case No. 1:24-md-03092-JPC <br><br> Judge J. Philip Calabrese |
| [Plaintiff's name], <br>         *Plaintiff*, <br> v. <br> [List all Defendants], <br>         *Defendants*. | JURY DEMAND ENDORSED HEREON <br><br> Case No. _____ |

**COMPLAINT**

Plaintiff files this Complaint pursuant to CMO No. 3 and is to be bound by the rights, protections, privileges, and obligations of that CMO and other Orders of the Court. Per CMO No. 3, Plaintiff designates the United States District Court for the [District and Division] as Plaintiff's designated venue ("Original Venue"). Plaintiff makes this selection based on one or more of the following factors [for the first three options, complete each blank]:

Plaintiff currently resides in _____ (City, State)

6

Plaintiff was prescribed Suboxone film in _____ (City, State)

Plaintiff used Suboxone film in _____ (City, State)

For the following options, check only the box(es) that apply, and complete the corresponding blank(s):

☐ The Original Venue is a judicial district in which Defendant _____ resides, and all Defendants are residents of the State in which the district is located (28 U.S.C. § 1391(b)(1));

☐ The Original Venue is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred (28 U.S.C. § 1391(b)(2)), and provide the factual basis for this assertion: _____; and/or

☐ There is no district in which an action may otherwise be brought under 28 U.S.C. § 1391, and the Original Venue is a judicial district in which Defendant _____ is subject to the Court's personal jurisdiction regarding this action (28 U.S.C. § 1391(b)(3)).

### II.J. Meet-and-Confer Obligations on Deficiencies

To the extent that one or more Defendants believe that a Plaintiff failed to comply with the preceding Paragraph in directly filing an action into this MDL, counsel for that Defendant shall notify that Plaintiff's counsel in writing with copy to appointed co-lead and liaison counsel and meet and confer with that Plaintiff's counsel of record (or directly with that Plaintiff if filing *pro se*) to advise of the alleged deficiency.

**II.J.1.** Any such Plaintiff will have 30 days from the date of initial written notice to cure the alleged deficiency or otherwise address the issue, including the filing of an amended complaint addressing the deficiency. If leave is required for such amendment, Plaintiff must request leave to amend within 30 days after the initial notice of deficiency.

7

**II.J.2.** If Plaintiff files an amended complaint to address the deficiency, either as of right or with leave of Court, such amendment shall not count as that Plaintiff's amendment as of right under Rule 15(a)(1), provided that the amendment(s) are limited to addressing the deficiency identified by Defendant(s) pursuant to this Paragraph.

**II.J.3.** If the identified deficiency is not resolved within 30 days of receiving written notice from Defendants or Plaintiff fails to request leave to amend the deficiency within 30 days of receiving written notice from Defendants, any named Defendant may seek dismissal of that Plaintiff's case for good cause shown, or other relief, by filing a motion on the individual member docket, with a copy of the motion to co-lead counsel and liaison counsel. Plaintiff will have 30 days from the date of such filing to respond to the motion and Defendant(s) shall have 14 days to reply.

**II.K.  Choice of Law**

Directly filing an action as a member case under this Order will not determine the applicable choice of law and does not require the application of choice of law rules from the MDL Court's forum state (Ohio), including the choice of law for any of the claims in the action and/or for purposes of statutes of limitations or repose. Instead, the choice of law rules for a given case will be determined as if the case were originally filed in the Original Venue and transferred into the MDL. This Paragraph does not limit or foreclose Plaintiffs' rights to amend their venue selection as permitted under the law or this Order. The Parties' agreement to this Order shall also have no effect on the substantive law applicable to a plaintiff's case.

8

## III. Service of Process

### III.A. Waiver of Service

Except for Reckitt Benckiser Healthcare (UK) Ltd., as indicated below, Defendants Indivior Inc., Indivior PLC, Indivior Solutions Inc., Reckitt Benckiser LLC, and Aquestive Therapeutics, Inc. f/k/a MonoSol Rx agree to waive formal service of summons under Rule 4 for cases filed in, removed to, or transferred to this MDL. Reckitt Benckiser Healthcare (UK) Ltd. agrees to abate this issue of waiver of service, and service will not be required during this abatement, until Plaintiff reaches a decision as to a potential voluntary dismissal of that Defendant, at which time the parties can further discuss the process for service for this Defendant. Any delay in service of Reckitt Benckiser Healthcare (UK) Ltd. occasioned by this abatement shall not be used as the basis to allege lack of diligence by a Plaintiff in attempting service or violation of any statutes of limitation or repose.

### III.B. No Summons Required

Plaintiffs will not be required to request issuance of or serve a summons to initiate actions filed pursuant to this Order or otherwise filed in this District. The Clerk's office is directed not to issue summonses in cases filed as member cases in this MDL (either pursuant to this Order or for cases originating in this District). Summonses may be required as to Reckitt Benckiser Healthcare (UK) Ltd., depending on resolution of the issue of service of process for that Defendant outlined in Paragraph III.A. The absence of a request to issue summons as to Reckitt Benckiser Healthcare (UK) Ltd. shall not be used as the basis to allege lack of

9

diligence by a Plaintiff in prosecuting the action or violation of any statutes of limitation or repose.

**III.C. Accomplishing Service**

To expedite and streamline the service process for cases filed pursuant to this Order or otherwise filed in this District, or filed in another court, and subsequently transferred to this MDL, Defendants have agreed to establish, maintain, and monitor an email address for the express purpose of accepting service of complaints.  Plaintiffs who directly file a case in this MDL or who otherwise file in this District or in another court that is subsequently transferred to this MDL may effectuate service via email.

> **III.C.1.** The subject line of the email should include the caption and civil action number of the case being served.  After providing copies of the complaint and civil cover sheet for that case to the following email address: [suboxonefilmservice@bowmanandbrooke.com](mailto:suboxonefilmservice@bowmanandbrooke.com), Defendants' counsel shall send a responsive email via auto-reply accepting service and include the statement: "Service of this responsive email shall serve as proof that Defendants Indivior Inc., Indivior PLC, Indivior Solutions Inc., Reckitt Benckiser LLC, and Aquestive Therapeutics, Inc. f/k/a MonoSol Rx are waiving service as set out in CMO No. 3 (Direct Filing Order Section III.A), have received actual notice of the legal action brought against them, and service of process is complete."
>
> **III.C.2.** Any Defendant's willingness to accept service by email shall not be deemed a waiver of service as to any affiliated entity not included in this MDL.  Nor shall any Defendant's willingness to accept service by email be deemed a waiver of any Defendant's right to contest personal jurisdiction.

Service pursuant to the Federal Rules of Civil Procedure may be required as to Reckitt Benckiser Healthcare (UK) Ltd., depending on resolution of the issue of service of process for that Defendant outlined in Paragraph III.A.

### III.D. Responses to Complaints

Defendants need not move, plead, or otherwise respond to any complaint or amended complaint directly filed in this District as a member case of the MDL until so ordered by the Court or until such time as an order is entered governing the procedure for filing short-form pleadings.

**SO ORDERED.**

Dated: March 27, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio