**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| *In re: Suboxone (Buprenorphine/ Naloxone) Film Products Liability Litigation* <br><br> This document relates to: All Actions | Case No. 1:24-md-03092-JPC <br><br> MDL No. 3092 <br><br> Hon. J. Philip Calabrese |
| **PLAINTIFFS' AND DEFENDANTS' JOINT STATUS REPORT AND AGENDA** ||

Plaintiffs' and Defendants' counsel have conferred and file this Joint Status Report for the upcoming Case Management Conference set for April 16, 2024:

    a. **Protective order and Rule 502(d) order;**

*PLC's Proposal*

The Parties met and conferred regarding the proposed Protective Order and Rule 502(d) Order. In the event the Parties are unable to reach an agreement the PLC proposes the following briefing schedule:

1. 14 days prior to the next CMC the parties will simultaneously file briefs regarding their competing versions by 6:00 pm EST. The briefs will be limited to 10 pages in length.

2. 7 days prior to the next CMC the parties will simultaneously file responsive briefs, if any, regarding their competing versions by 6:00 pm EST. The briefs shall be limited to 7 pages in length.

*Defendants' Proposal*

As of this filing, the Parties have met and conferred regarding the proposed Rule 502(d) Order and the proposed Protective Order but have not yet gone over Defendants' redlines to the proposed Protective Order. Progress is being made and Defendants believe establishing a briefing schedule is premature. While the Parties are hopeful an agreement can be reached on the proposed orders, Defendants propose that the parties utilize the procedure for resolution of discovery disputes established in Judge Calabrese's Civil Standing Order, par. 6.A., in the event they are unable to

do so.  If the Court prefers to set a briefing schedule, Defendants request a modification to the deadlines identified by the PLC above.

### b. Indivior Inc.'s Proposal for Phased Discovery on General Causation;

Pursuant to the Court's request, Indivior Inc. has submitted its proposal for proceeding with phased discovery on general causation. The PLC rejects the proposal. The Parties propose the following briefing schedule on the issue:

1. On or before April 23, 2024, Indivior Inc. will file its opening brief.

2. On or before May 24, 2024, the PLC will file its opposition brief.

3. On or before May 31, 2024, Indivior Inc. will file its reply brief.

The Parties anticipate presenting this issue to the Court at the June CMC for oral argument.

### c. Rule 12 Motions

*Rule 12(b)(2)*

The Parties have met and conferred regarding certain voluntary discovery efforts relating to Reckitt Benckiser LLC, Reckitt Benckiser Healthcare (UK) Ltd., and Indivior PLC. The PLC is currently awaiting production of certain documents it requested related to the de-merger agreement, along with information related to the MedWatch data Defendants provided. Defendants are currently awaiting the PLC's response to its inquiry as to how the materials requested are relevant to jurisdiction. The PLC contends that voluntary discovery efforts may not be sufficient to resolve the PLC's needs regarding personal jurisdiction. The PLC proposes that they advise the Court at the June CMC whether they reached an agreement related to the scope of personal jurisdictions or if briefing or guidance from the Court is required on the necessity and/or scope of jurisdictional discovery. The PLC further contends that motion practice related to Rule 12(b)(2) motion should be stayed until the Parties reach an agreement as to the necessity and/or scope of jurisdictional discovery or, following proper motion and response, the Court issues an Order denying jurisdictional discovery or defining the scope of jurisdictional discovery.

The Defendants contend that the issue of personal jurisdiction is threshold issue, that the issue is ripe for adjudication, and that the Court should set a briefing schedule. Defendants further contend that they have already produced sufficient affidavits and other materials for the PLC to determine that personal jurisdiction is lacking and that they should be dismissed from the MDL. Defendants further contend that additional discovery would be inappropriate, especially considering the clear lack of

jurisdiction over the three Defendants raising personal jurisdiction claims. The Defendants have asked and are currently awaiting the PLC's response to its inquiry as to how the additional materials that they requested are relevant to jurisdiction.

The Parties have discussed preliminary issues relating to the logistics of briefing related to jurisdiction. Defendants submit that a provisional deadline should be set for the filing of a 12(b)(2) Motion challenging jurisdiction, should one be necessary. Defendants propose a deadline of 14 days following the June CMC. The PLC contends that its response should not be due until 30 days following completion of personal jurisdiction discovery. The Parties also agree that any such briefing should be undertaken in relation to a single exemplar Ohio Plaintiff.

### *PLC's Proposal—Rule 12(b)(6)*

The PLC disagrees with Defendants' approach as to the filing of Rule 12(b)(6) Motions. The PLC proposes that Rule 12(b)6 Motion(s) be filed in connection with potential Bellwether Selections and implementation of a Bellwether Protocol. The PLC will supply a Bellwether Protocol to Defendants on or before April 17, 2024. In addition, and pursuant to this Court's Local Rules, given the variations in individual state law the PLC intends to ask Defendants to Answer each Complaint filed in this case. Finally, the PLC offered to stipulate that any and all 12(b)(6) motions are not waived vis-à-vis the filing of a Rule 12(b)(2) motion. As noted below, Defendants appear to have rejected this proposed stipulation. As such, the PLC intends to seek an Order from this Court staying all 12(b)(6) motion practice until the Bellwether Candidates are selected.

### *Defendants' Proposal—Rule 12(b)(6):*

Defendants propose that a Rule 12(b)(6) Motion be filed contemporaneously with any Rule 12(b)(2) Motion in relation to the same exemplar Ohio Plaintiff (should the filing of the latter be necessary), consistent with Federal Rule of Civil Procedure 12(g)(2). In the event Plaintiff agrees to voluntarily dismiss those Defendants challenging jurisdiction, the Parties can continue to negotiate a deadline for the filing of a 12(b)(6) Motion for an exemplar Ohio Plaintiff.

Plaintiff's stated intention to require an Answer to each complaint contradicts Counsel's prior representation to the Court that "we certainly aren't going to insist the Defendants answer every single complaint separately..." Doc. No. 46 (March 7, 2024 Case Management Conference Transcript), p. 60:19-21. Requiring separate Answers for each Complaint defeats the efficiencies that MDL consolidation was intended to gain. Defendants propose that the Parties finalize implementation of Counsel's suggestion that "there is reasonably some value to streamlining …perhaps by selecting a specific complaint that they can answer just so we can, you know, get an understanding of what their responses to the various allegations are to help us

target discovery." *Id.* 60:21-61:1. Defendants agree with this proposal and stand ready to prepare an exemplar Answer.

   d. **Deadline to Negotiate a Bellwether Protocol Process**

*PLC's Proposal:*

Given the number of cases filed in this MDL, and anticipated number to be filed, the PLC intends to ask the Court to Order the Parties complete negotiation over a Bellwether Protocol by the next CMC. The PLC will supply Defendants with a proposed Bellwether Protocol by April 17, 2024. In the event the Parties are unable to negotiate a Bellwether Protocol by the next CMC, the PLC intends to alert the Court on that date and propose a brief schedule to resolve any outstanding issues for a future CMC.

In lieu of Rule 26 Disclosures, the PLC proposed to supply Defendants with a Plaintiff Profile Form (PPF). On April 15, 2024, Defendants will provide the PLC with a proposed PPF for cases filed to date or filed in the future. The Parties will endeavor to negotiate a completed PPF prior to the next CMC.  In the event the Parties are unable to negotiate a PPF by the next CMC, the PLC intends to alert the Court on that date and propose a briefing schedule to resolve any outstanding issues for a future CMC. Finally, the PLC notes that in the event to Court adopts Defendants' proposed bifurcation plan, completion of PPFs for individual cases is both premature and inconsistent with their request.

*Defendants' Proposal:*

It is premature to initiate a Bellwether Protocol. Defendants propose phasing discovery on general causation given the lack of any legally sufficient scientific evidence of general causation.  Defendants agree to negotiate a PPF and as stated in at the last status conference, the PPF will need to provide sufficient information on the background and claims of the plaintiffs.

   e. **Tolling Agreement and Case Influx into this District.**

*PLC's Proposal:*

As the Court is aware, the two-year anniversary of the label change occurs in June of 2024. The impending two-year date may raise issues related to the applicable statutes of limitations for certain plaintiffs in this MDL. In an effort to gauge the number of potential filings that may occur over the next 75 days, the PLC conducted an informal census amongst known Plaintiffs' Counsel who currently represent clients that are, or will be, filed in this MDL. The Census established the number of cases may likely run into the thousands. And, as is evident from the current pace of filing, the number

of cases currently pending in this District swelled from a mere 40 to nearly 200 since the last CMC. The pace of filing is anticipated to increase.

Given the number of cases, the PLC proposed to Defense Counsel that the Parties enter into a Tolling Agreement so as to allow Plaintiffs' Counsel sufficient time to investigate their respective clients' cases. In addition, the PLC proposed that it would supply certain information to Defense Counsel so as to reduce the risk of improper cases being filed into this MDL. Defendants declined. The PLC intends to discuss this issue with the Court to seek its guidance and to alert the Court of the practical realities associated with the refusal to agree to a Tolling Agreement including, but not limited to: 1) the administrative burden on the Court and its staff associated with a massive influx of cases over the next 75 days; 2) the risk of so-called "blind-filed" cases so as to preserve the statutes of limitations where a preliminary investigation establishes a credible claim, but Plaintiff's Counsel has yet to acquire all the relevant medical records; and 3) the impact on an MDL of "blind-filed" cases. The PLC advised Defense Counsel of this which, to date, has refused to agree to the use of a Tolling Agreement.

*Defendants' Response*:

Defendants agree that the impending two-year anniversary of the label change will give rise to a limitations defense with respect to claims filed after June 17, 2024. Defendants also agree that Plaintiffs' Counsel are obliged to devote "sufficient time to investigate their respective clients' cases" before filing the claims. Defendants disagree, however, that this difficulty—and the associated risk of "improper claims" being "blind-filed"—is the result of Defendants' unwillingness to compromise their limitations defense by entering a tolling agreement.

Defendants do not agree to toll the statute of limitations for any claim. Defendants are not required to waive substantive rights merely because the PLC is trying to file numerous claims and is unprepared to do so.

Plaintiffs' Counsel are responsible for limiting the representations they accept to a number they can manage, and, if they are overextended, it is not due to any unforeseen circumstance. The label change occurred almost two years ago and the PLC has been discussing the concept of a tolling agreement since Fall of 2023 and Defendants have never agreed to a tolling agreement for these cases. Defendants also question the PLC's representation that tolling limitations would result in the filing of fewer, rather than more, claims.

    f.  **Next Conference**

The parties request the next Case Management Conference occur on the morning of June 6, 2024, if acceptable to the Court.

Dated: April 11, 2024

,
*/s/ Alyson Steele Beridon*
Alyson Steele Beridon
**HERZFELD, SUETHOLZ, GASTEL, LENISKI, & WALL**
600 Vine Street, Suite 2720
Cincinnati, Ohio 45202
513.381.2224
alyson@hsglawgroup.com

*Plaintiffs' Liaison Counsel*

*/s/ Ashlie Case Sletvold*
Ashlie Case Sletvold
PEIFFER WOLF CARR KANE
 CONWAY & WISE, LLP
6370 SOM Center Road, Suite 108
Cleveland, Ohio 44139
(216) 589-9280
asletvold@peifferwolf.com

*/s/ Erin Copeland*
Erin Copeland
FIBICH, LEEBRON, COPELAND &
 BRIGGS
1150 Bissonnet Street
Houston, Texas 77005
(713) 424-4682
ecopeland@fibichlaw.com

*/s/ Timothy J. Becker*
Timothy J. Becker
JOHNSON // BECKER, PLLC
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
(612) 436-1800
tbecker@johnsonbecker.com

*/s/ Trent B. Miracle*
Trent B. Miracle
FLINT COOPER LLC
222 East Park Street, #500
Edwardsville, Illinois 62025

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: */s/ Randall L. Christian*
Randall L. Christian
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746
Tel: (512) 874-3811
Fax: (512) 874-3801
Randall.Christian@bowmanandbrooke.com

Denise A. Dickerson
SUTTER O'CONNELL
3600 Erieview Tower
1301 East 9th Street
Cleveland, Ohio 44114
Tel: (216) 928-2200
Fax: (216) 928-4400
ddickerson@sutter-law.com

*Attorneys for Defendants Indivior Inc., Indivior Solutions Inc., Indivior PLC, Aquestive Therapeutics, Inc., Reckitt Benckiser Healthcare (UK) Ltd. and Reckitt Benckiser LLC*

(618) 288-4777
tmiracle@flintcooper.com

*Co-Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

  Per Appendix B, ¶ 14 of the Northern District of Ohio's Electronic Filing Policies and Procedures Manual, I hereby certify that on April 11, 2024, the foregoing was filed electronically, sent by operation of the Court's electronic filing system to the parties who have appeared to date, and sent by email to the following counsel of record for the parties who have not yet filed their notice of appearance to receive electronic service notifications in this matter:

Stacy Hauer (shauer@johnsonbecker.com)
Brandon Smith (bsmith@cssfirm.com)
Thomas M. Askew (taskew@riggsabney.com)
Jay Massaro (jmassaro@d2triallaw.com)

                */s/ Alyson Steele Beridon*
                Alyson Steele Beridon