## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE SUBOXONE | ) | Case No. 1:24-md-3092 |
| (BUPRENORPHINE/NALOXONE) | ) | |
| FILM PRODUCTS LIABILITY | ) | MDL No. 3092 |
| LITIGATION | ) | |
| | ) | Judge J. Philip Calabrese |
| This Document Applies to All Cases | ) | |
| | ) | |

## CASE MANAGEMENT ORDER NO. 8
## PROTOCOL FOR COMMON-BENEFIT FEES AND EXPENSES

## I.      Applicability of This Order

This protocol shall govern all work for common benefit and expense in this action, including among other issues:  the exercise of billing judgment; the maintenance of contemporaneous and detailed time records; the periodic reporting of fees, expenses, and costs; staffing; and attendance at court hearings. The Court anticipates establishing a mechanism for creating a Common Benefit Fund as well as an appropriate holdback amount for contribution to the Common Benefit Fund at the appropriate time by separate order.

Failure to follow the guidelines and procedures of this Order will mean that expenses incurred by counsel may not be reimbursable by the Common Benefit Fund or from any settlement fund approved by the Court.

Nothing in this Order is intended to preclude counsel from seeking reasonable attorneys' fees and costs for work performed for the common benefit of all Plaintiffs before the creation of this MDL.

## II.     Case-Management Protocol for Common-Benefit Work

The Court adopts the following protocol for the management of case staffing, timekeeping, cost reimbursement, and related common-benefit issues.  The recovery of Common-Benefit Fees and Expenses will be limited to "Participating Counsel." "Participating Counsel" is defined as Co-Lead Counsel (Lead Counsel), Liaison Counsel, members of the Plaintiffs' Executive Committee (PEC), and members of the Plaintiffs' Steering Committee (PSC), along with members and staff of their respective firms if authorized by all Lead Counsel, and counsel who have been specifically approved by all Lead Counsel in writing as Participating Counsel before incurring any such fees or expenses.  Lead Counsel or their designee(s), in their sole discretion, shall be responsible for assigning all compensable work set forth in Section A, including designation of all Participating Counsel responsible for the trial of any bellwether candidate.   Participating Counsel shall not include contract attorneys.

Participating Counsel shall be eligible to receive common-benefit attorneys' fees and reimbursement of costs and expenses only if the time expended, costs incurred, and activity in question were (a) beneficial to the prosecution of the MDL and for the common benefit of Plaintiffs; (b) timely submitted; (c) not duplicative; and (d) reasonable.  Costs or expenses that fall within the limitations set forth in this Order shall not be deemed presumptively reasonable, and Lead Counsel and the Court retain discretion to evaluate any submitted costs or expenses for reasonableness.

2

Participating Counsel shall execute the Participating Counsel Acknowledgement Form attached as **Exhibit 1** and agree to the terms and conditions set forth in this Order, including submitting to this Court's jurisdiction and agreeing that this Court has plenary non-appealable authority regarding the award and allocation of Common-Benefit Fees and Expenses in this matter. Participating Counsel knowingly and expressly waive any right to appeal the Court's decisions or the ability to assert the lack of enforceability of this Order or to otherwise challenge its adequacy.

Any counsel seeking reimbursement for fees and expenses for work in this action will submit to Lead Counsel (or their designee) monthly Common-Benefit Time and Expense submissions. Plaintiffs' Liaison Counsel will circulate the form Excel spreadsheet to be used for these submissions. Nothing in this Order shall be construed to permit any member of the PEC or PSC to designate counsel outside of the Court-appointed leadership committee to perform Common-Benefit Work without written authority from all Lead Counsel as required above.

Participating Counsel shall not submit time and expense as their own for any work performed or expenses incurred on their behalf by others, including their supporting attorneys and staff. Time and expenses submitted by Participating Counsel for work performed by others within their firm and on their behalf, including their supporting attorneys and staff, shall identify such other individual(s) as the one(s) who actually performed the work and/or incurred the expense in the fields completed in the Excel submission form.

3

Lead Counsel have conferred and determined, subject to the Court's approval, that appointing a CPA or other third party is not necessary at this time.  Lead Counsel may propose a mechanism for auditing the propriety of the time and costs submitted, whether it be by a CPA or other third-party neutral, or Lead Counsel and any of their designees, or some combination.  Lead Counsel may propose entry of an order concerning the appropriate method for audit and review in due course.  The ultimate determination of what is compensable common-benefit work, and the extent or rate at which it is compensable, is within the purview of the Court.  If Participating Counsel are unsure whether an action they are about to undertake is considered Common-Benefit Work, they shall receive approval from Lead Counsel in advance as to whether Lead Counsel consider such work to be Common-Benefit Work.

### II.A.   Compensable Common-Benefit Work

"Common-Benefit Work" includes all work done and expenses incurred that is of value to the MDL, inures to the common benefit of all Plaintiffs in this MDL, and is performed by Participating Counsel.  In determining whether work meets this standard, the Court will rely on the procedures set forth in this Order, the Federal Rules of Civil Procedure, any other guidelines that may be adopted by Lead Counsel, and the Court's judgment regarding how work performed was valuable to the MDL, for the common benefit of all claimants, and the overall outcome of the MDL.  It is expected that work performed by Participating Counsel is to add value to the MDL and for the common benefit of all claimants in the MDL.  Examples of compensable and non-compensable work include, but are not limited to:

4

### II.A.1. Consolidated Pleadings and Briefs

When authorized by Lead Counsel:  (i) factual and legal research and preparation of consolidated complaints that relate to all cases in the MDL, if any; (ii) factual and legal research related to briefing issues for consolidated Court filings that relate to all cases in the MDL; (iii) comments and suggestions regarding the consolidated complaints and briefs that relate to all cases in the MDL; (iv) other briefing or presentation of argument before the Court regarding common legal issues that relate to all cases in the MDL (*e.g.*, discovery disputes); and (v) other briefing or presentation of argument on behalf of the PLC related to one or more cases in the MDL (*e.g.*, issues in a bellwether case).

Although several attorneys may work on consolidated pleadings and briefs that relate to all cases in the MDL, they should only do so based on a specific assignment from Lead Counsel.  Mere review of other attorneys' work without specifically being asked to work and/or meaningfully participate in the substance of an assignment shall not be compensable.  Pleadings and briefs that do not relate to all cases in the MDL shall not be compensable unless authorized by all Lead Counsel and is of value to the MDL and the common benefit of all MDL claimants.

### II.A.2. Bellwethers

Only when authorized by Lead Counsel in writing:  (i) communication with clients for the purposes of identifying suitable bellwether candidates; (ii) factual and legal research necessary to select the appropriate bellwethers; (iii) communication with experts for the purposes of identifying suitable bellwether candidates; (iv) prosecution of the selected bellwether cases; and (v) trial of any bellwether

candidate case. No time and expense for work specific to a particular individual case shall be considered time and expense for the common benefit unless the case is specifically designated by the Court as a bellwether discovery or trial candidate for the common benefit of the MDL or the case-specific work is authorized by Lead Counsel.

### II.A.3. Discovery and Document Analysis

Only discovery and document analysis authorized by Lead Counsel and assigned to Participating Counsel will be considered Common-Benefit Work. Lead Counsel and members of the PEC and PSC may use junior associates and staff for initial document analysis and coding; mid-level associates and staff attorneys for higher-level analysis and coding; and senior attorneys (including partners, as necessary) for top-tier analysis and quality control. If any firm or attorney elects to analyze documents that Lead Counsel have not assigned, that review will not be considered Common-Benefit Work. Descriptions associated with "document analysis" or "document review" should contain sufficient detail to allow those reviewing the time entry to ascertain generally what was reviewed. The descriptions should include, for example, the custodian(s) of the document(s), topic of review, Bates ranges for reviewed documents, and number of document folders reviewed.

### II.A.4. Depositions

Lead Counsel shall exercise discretion, judgment, and prudence to designate the appropriate number of attorneys to participate in any given deposition commensurate with the nature of that deposition to avoid over-staffing. Time and expenses for Participating Counsel not designated as one of the authorized

questioners or otherwise authorized to attend the deposition by Lead Counsel may be considered as attending only on behalf of such counsel's individual clients rather than for the common benefit. Unnecessary attendance by counsel will not be compensated in any fee application to the Court.

### II.A.5. Discovery Responses

Only those attorneys designated by Lead Counsel or their designees to review and summarize discovery requests served on Plaintiffs and prepare responses are working for the common benefit and their time will be considered Common-Benefit Work. Time spent reviewing discovery requests and preparing responses for the benefit of counsel's own clients is not considered Common-Benefit Work, unless it is at Lead Counsel's direction and for a bellwether discovery or trial case after the case is selected as a bellwether discovery or trial case.

### II.A.6. Periodic MDL Status Conferences

The Court intends to hold periodic status conferences to ensure that the litigation moves forward efficiently and that legal issues are resolved through formal rulings or guidance from the Court. All attorneys of record in one or more cases in this MDL are obligated to keep themselves informed about the litigation so that they can best represent their respective clients. Individual attorneys are free to attend any status conference held in open court to stay informed on the status of the litigation, but attending such conferences (either in person or remotely) is compensable Common-Benefit Work only for Lead Counsel, Plaintiffs' Liaison Counsel, and any other Participating Counsel requested by Lead Counsel to attend and participate for a specific purpose. Mere attendance at a status conference will

not be considered Common-Benefit Work, and expenses incurred to attend without Lead Counsel's approval will not be considered Common-Benefit Expenses.

Participating Counsel designated by Lead Counsel to address issues that will be raised at a given status conference or requested by Lead Counsel to be present at a status conference are working for the common benefit, and their time will be considered for the common benefit.  Similarly, any attorney whose attendance at a status conference is specifically requested by the undersigned (or by any other judge presiding over this matter or Court-appointed special master) to address a common issue may submit time and expenses for such attendance for evaluation as Common-Benefit Work subject to the terms of this Order.

### II.A.7. Leadership Meetings or Calls

Plaintiffs' Executive and Steering Committee members may submit Common-Benefit Time for participation in leadership meetings or calls germane to all members of the PEC and PSC and necessary to fulfill their Court-appointed obligations.  There is a presumption that only one participant per firm will qualify for Common-Benefit Time for such meetings or calls, unless otherwise authorized by Lead Counsel.

### II.A.8. Expert-Related Work

Time spent by Participating Counsel communicating with and retaining experts with the knowledge and approval of Lead Counsel will be considered Common-Benefit Time, subject to the discretion of the Court.  Time and expenses spent communicating with and retaining an expert without the knowledge and approval of Lead Counsel is not Common-Benefit Work.

### II.A.9. Attendance at Seminars

Except as approved by Lead Counsel, attending or presenting at seminars (*e.g.*, American Association for Justice, Mass Torts Made Perfect, Harris Martin, and similar conferences and Continuing Legal Education programs) shall not qualify as Common-Benefit Time, and any related expenses shall not qualify as Common-Benefit Expenses.

### II.A.10. Review of Court Filings and Orers

All attorneys have an obligation to stay informed about the litigation so they can best represent their respective clients.  The review of briefs, filings, and Orders in this litigation is part of that obligation.  Only Participating Counsel, and those attorneys working on assignments that require them to review, analyze, or summarize briefs, filings, or Orders in connection with their assignments are doing so for the common benefit.  All other counsel are reviewing those documents for their own benefit and that of their respective clients and such review will not be considered Common-Benefit Work.

### II.A.11. Emails and Correspondence

Except for Participating Counsel appointed by the Court and their assigned attorneys and staff, time recorded for reviewing emails and other correspondence is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email or other correspondence and that is for the common benefit of all Plaintiffs.  For example, review of an email or other correspondence sent to dozens of attorneys to keep them

informed on a matter on which they are not specifically working would not be compensable as Common-Benefit Work.

### II.A.12. Other Non-Compensable Work

The following types of work will not be compensated:  time not authorized by Lead Counsel; duplicative time; excessive amounts of time spent on a particular task; work performed by a person more senior than reasonably necessary for the task (which may not be compensated or may be compensated at a reduced rate); time spent on internal firm meetings and management; and time spent preparing and reviewing time and expense submissions or responding to questions concerning time and expense submissions.  While all attorneys have an obligation to stay informed about the litigation so that they can best represent their respective clients, reviewing emails and court filings, attending status conferences, participating in conference calls, and similar activities will not be considered Common-Benefit Work if the participation was solely to keep counsel informed about the litigation.

### II.B.   Common-Benefit Timekeeping Protocols

#### II.B.1. Recording Requirements

All time must be accurately and contemporaneously maintained.  Participating Counsel shall keep contemporaneous billing records of the time spent in connection with Common-Benefit Work on this MDL, indicating with specificity the hours (in tenth-of-an-hour increments), along with a description of the particular activity (such as "conducted deposition of John Doe").  Descriptions must bear sufficient narrative detail to identify the precise task and how it relates to Common-Benefit Work.  Time

10

entries submitted without sufficient narrative detail (*e.g.*, "document review" or "legal research") will not be considered Common-Benefit Time and will not be compensated.

Each time entry must be categorized using one of the categories in **Exhibit 2**. In general, when possible, a more specific category should be used in place of a more general category.  Under no circumstances should a submitting firm create new categories for use in its submission.  Lead Counsel will provide further guidance to counsel as needed.  Submitting firms shall direct all questions regarding timekeeping categories to Plaintiffs' Liaison Counsel, who shall confer with Lead Counsel as necessary and appropriate.  While the categories are self-explanatory, below are some further explanations of some of the categories that may have the potential for the most confusion:

### II.B.1.a. Leadership Case-Management Duties

This category should be used primarily for Lead Counsel's more general or administrative responsibilities that do not fit into other, more specific categories. These include, but are not limited to, reviewing, analyzing, and summarizing filings and Orders as appropriate based on the work being conducted by counsel; general strategizing related to overall case management; or coordinating and designating non-Court-appointed attorneys to conduct common-benefit tasks such as document reviews, depositions, or work with experts.  This category should not be used by any timekeeper who is not a Plaintiffs' Leadership member or one of their assigned attorneys or staff.

### II.B.1.b. Document Review

For the purposes of this category, the word "document" specifically means documents or other information produced in discovery by a Defendant.  In other words, this category is not to be used for every instance of reading a document—it is more specific than that.  Time-entry descriptions for document-review tasks should include specific details such as custodians, search query, Bates ranges of documents reviewed, number of document folders reviewed, or other similar details.

### II.B.1.c. Trial

This category is reserved solely for tasks performed during a trial, including pre-trial preparation.

### II.B.1.d. Miscellaneous

This is a general category that should not be used if a more specific category can be used instead.  Any activities that are done in connection with or as part of a larger task like a brief, or a court appearance, or a meeting, should be categorized according to that larger task.  This category should be used infrequently; however, if it is used, it is critical that the description of the task be sufficiently detailed to make clear how the work was common benefit.

### II.B.1.e. Document Analysis

Lead Counsel are collecting bids for vendor services and strive to get the best services for the best price without sacrificing quality.  A document-analysis system will be used to avoid unnecessary travel expenses.  Procedures will be put in place to monitor how much time is spent analyzing documents and the efficiency and quality of analysis by other firms.  Lead Counsel will establish further parameters regarding

12

the use and compensation of attorneys for document review and other tasks, which will be addressed in a subsequent order.

### II.B.2. Approval Requirements

Each time entry submitted must indicate which of the Lead Counsel approved the specific task being performed.  Entries submitted without designating which of the Lead Counsel approved the task will not be considered Common-Benefit Time and will not be compensated.

### II.C.   Common-Benefit Expenses

### II.C.1. Shared Costs

"Shared Costs" are costs that will be paid out of the Litigation Fund administered by Lead Counsel.  Lead Counsel, Liaison Counsel, and each PEC and PSC member shall contribute to the Fund at times and in amounts sufficient to cover Plaintiffs' expenses for the administration of this MDL.  The timing and amount of each assessment will be determined by Lead Counsel and each assessment will be paid within 14 days as instructed by Lead Counsel.  Failure to pay assessments will be grounds for removal from the appointments made in previous Court Orders or other common-benefit assignments.

Shared Costs are costs incurred for the common benefit of Plaintiffs in this MDL as a whole.  No client-related costs shall be considered Shared Costs, unless exceptional circumstances exist and are approved by later Order of this Court.  All Shared Costs must be approved by Lead Counsel before payment.

All costs that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify for submission and payment directly

from the Fund: Court, filing, and service costs related to common issues; court-reporter, videographer, and interpreter costs for common depositions; document (both electronic and hard copy) depository creation, operation, staffing, equipment, and administration; Lead Counsel, Liaison Counsel, or PEC or PSC out-of-house or extraordinary administration matters (*e.g.*, expenses for equipment services, technology services, courier services, long distance, electronic service, photocopy and printing, secretarial/temporary staff, meetings, and conference calls, etc.); legal, tax, and accountant fees or bank or financial-institution charges relating to the Fund; expert-witness and consultant fees and expenses for experts, with the pre-approval of Lead Counsel; legal fees for specialized issues; research by outside third-party vendors or consultants approved by Lead Counsel; translation costs approved by Lead Counsel; investigative services approved by Lead Counsel; and any assessment paid by Lead Counsel, Liaison Counsel, or any member firm of the PEC or PSC, or by a non-PEC or PSC firm from whom as assessment was requested by Lead Counsel.

A request for payment from the Fund for Common-Benefit Expenses shall include sufficient information to permit Lead Counsel and/or a Certified Public Accountant to account properly for costs and to provide adequate detail to the Court if necessary.

### II.C.2. Held Costs

"Held Costs" are those that will be carried by each attorney in this MDL and reimbursed as and when Lead Counsel determines to do so. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the common benefit of all Plaintiffs in this MDL. No client-specific costs can be

14

considered Held Costs, other than certain Common-Benefit Expenses at the discretion of Lead Counsel.  Held Costs shall be subject to the travel and administrative limitations set forth in this Order.

### II.C.3. Travel Limitations

Only reasonable expenses will be reimbursed.  Except in unusual circumstances approved by Lead Counsel, all travel reimbursements are subject to the following limitations:

### II.C.3.a. Airfare

All airfare charges of $1,000 or less for domestic travel shall be presumed reasonable.  For international or transcontinental flights with a total duration exceeding three hours, business class fare may be reimbursed.  If business class is not available for international or transcontinental flights, first class may be reimbursed at Lead Counsel's discretion.  Private or charter travel will not be reimbursed except in unusual circumstances, as approved by Lead Counsel.

### II.C.3.b. Hotel

Hotel room charges for the average available room rate of a reasonable business hotel such as Hilton, Hyatt, or Marriott will be reimbursed.  Unusually high hotel charges may be reviewed by Lead Counsel and disallowed.

### II.C.3.c. Meals

Meal expenses must be reasonable. Unusually large meal expenses may be reviewed by Lead Counsel and disallowed.

### II.C.3.d. Cash Expenses

Miscellaneous cash expenses for which receipts generally are not available (*e.g.*, tips, luggage handling) will be reimbursed up to $50 per trip if the expenses are itemized properly.

### II.C.3.e. Taxi/Rideshare and/or Car Rental

Taxi/rideshare expenses and/or car rentals must be reasonable for the date and location of the rental.  Unusually high taxi/rideshare or car-rental charges may be reviewed by Lead Counsel and disallowed.

### II.C.3.f. Mileage

Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip.  The rate will be the maximum rate allowed by the Internal Revenue Service at the time of the trip.

### II.C.4. Non-Travel Limitations

### II.C.4.a. Long Distance, Conference Call, and Cellular Charges

Common-benefit long distance, conference call, and cellular charges are to be reported at actual cost.  Calls conducted through a firm's or an attorney's phone or other communication plan (*e.g.*, Zoom, Teams, etc.) are not compensable absent extraordinary circumstances at Lead Counsel's approval.

### II.C.4.b. Shipping Charges

All claimed common-benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.  Such charges are to be reported at actual cost.

16

### II.C.4.c. Postage

Common-benefit postage charges are to be reported at actual cost.

### II.C.4.d. In-House Photocopy

The maximum charge for common- benefit in-house copies is $0.15 per page.

### II.C.4.e. Computerized Research

Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

## II.D.  Protocols for Submission of Time and Expenses

### II.D.1. Format

All time and expense submissions must be provided by submitting counsel in the form of the Excel spreadsheet approved by Lead Counsel and circulated to Participating Counsel by Plaintiffs' Liaison Counsel.

This means that each monthly submission will consist of one Excel file, within which there will be three "sheets" (marked by tabs at the bottom):  "Monthly Time Report," "Monthly Expense Report," and "Supplemental Expense Report."

In all reports, the date must be provided in month/day/year format (*e.g.*, 04/30/2024).

The category codes for time and expenses are listed in **Exhibit 2**.

### II.D.1.a. Monthly Time Report

In the "Monthly Time Report," the complete last and first names of the person who performed each task should be identified in those columns; do not use initials.

Use the drop-down tabs in the "Professional Level," "Category Code," and "Approved By" columns.

To the extent that a timekeeper performs different tasks on the same date that fall under different category codes, the tasks should be split into separate time entries for the same date with the proper code beside the billing narrative.

Time entries should be self-justifying.  So the information provided in the column for "Detailed Description of Work Performed" should be sufficiently informative to permit someone reasonably familiar with the case to understand what the timekeeper did and why it was necessary for the common benefit of all Plaintiffs. When in doubt, provide more detail on the work performed and the reason for performing it.

### II.D.a.b. Monthly and Supplemental Expense Reports

In the "Monthly Expense Report" and "Supplemental Expense Report," no entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it.  If, on the same day, one person incurs two expenses that fall into two different categories, then there should be two separate entries for that person for that date, each with the appropriate expense description and category code.

Similarly, when practical, no listed expense entry should include expenses incurred by more than one person.  If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people.

Every expense entry should be as detailed and specific as reasonably practical. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket," "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient.  Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to Common-Benefit Work.  For example:  What was filed and on behalf of whom?  Who was served with what document and on behalf of whom?  What hearing transcript was requested and for what purpose?  For whom was the plane ticket purchased, for air travel from where to where, on what dates of travel, and for what purpose?  The same applies to expenses for hotels, taxis, car services, tips, meals, and any other travel-related expenses.  Expense entries without sufficient detail may be rejected at Lead Counsel's discretion.  Attorneys must provide receipts for all expenses at the time of submitting the monthly reports.

### II.D.2. Format

Common-Benefit Time and Expense submissions shall be made to Lead Counsel on a monthly basis by the 15th of each month and in accordance with the guidelines set forth in this Order.  Submissions must be in the Excel spreadsheet circulated by Liaison Counsel per this Order.  The first submission is due to Lead Counsel (or their designee) on July 15, 2024, and should include all time and expenses from inception of work on the Suboxone Film Products Liability litigation through June 30, 2024.

After this first submission, each monthly submission should include all Common-Benefit Time and Expenses incurred from the first to the last day of the

preceding month (*e.g.*, the submission due on August 15, 2024 should contain all Common-Benefit Time and Expenses incurred from July 1, 2024, through July 31, 2024.)  If the reporting deadline falls on a weekend or court holiday, the deadline is extended to the next business day.

Although counsel should endeavor to submit all Common-Benefit Expenses incurred in a certain month in the submission made on the 15th of the next month, the realities of third-party billing and credit-card statement schedules may make timely expense submission difficult in some circumstances.  Therefore, submissions of "supplemental" common-benefit expense reports will be permitted for those expenses incurred during the previous three months that could not have been submitted by the deadline because of circumstances outside the submitting counsel's control.  Any Common-Benefit Expenses submitted more than three months in arrears may not be considered or included in any compilation of Common-Benefit Expense calculation and may be disallowed. Lead Counsel, in its discretion, may opt to decline any untimely submitted time.

**SO ORDERED.**

Dated:  June 11, 2024

_____
          J. Philip Calabrese
          United States District Judge
          Northern District of Ohio

20