# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE/NALOXONE) FILM PRODUCTS LIABILITY LITIGATION | ) Case No. 1:24-md-3092 ) ) MDL No. 3092 ) ) Judge J. Philip Calabrese |
| This Document Applies to All Cases | ) ) |

**Participating Counsel Agreement**

This Participating Counsel Agreement ("Agreement") is entered by the Plaintiffs' Leadership Committee ("PLC") appointed by the United States District Court for the Northern District of Ohio (ECF No. 35) and select non-appointed designees approved by Lead Counsel ("Participating Counsel").

The PLC in association with other attorneys working for the common benefit of all plaintiffs in this MDL have developed and are in the process of developing work product that will be valuable to the litigation of claims of Suboxone Film–related injuries (the "Common-Benefit Work Product").

Participating Counsel seeks to acquire the Common-Benefit Work Product and establish an amicable, working relationship with the entire PLC for the mutual benefit of their clients.

In consideration of the covenants and promises contained in this Agreement, and intending to be legally bound, the parties agree as follows:

1. This Agreement incorporates the Common Benefit Order (CMO No. 8) and any subsequent Order of the Court regarding common-benefit time and expenses and incorporates all defined terms from such Order(s).

2. This Agreement is a cooperative agreement among Participating Counsel to share Common-Benefit Work Product. Any Participating Counsel who executes this Agreement is entitled to access the Common-Benefit Work Product, including the virtual document depository, created by those attorneys who have also executed, or have been deemed to have executed, the Agreement and any other necessary agreements, including, but not limited to any applicable protective order. Participating Counsel will have access to this work product for use in all Suboxone Film cases they represent regardless of whether the case has been filed or tolled and, if the claim has been filed, without regard to the jurisdiction or venue where the case is pending or will be filed. Any plaintiffs' attorney who wishes to benefit from and/or acquire any Common-Benefit Work Product but does not have a Suboxone Film case in or pending transfer to MDL 3092 shall execute this Participation Agreement before receiving any such work product. Lead Counsel approval is required. Nothing in this Agreement shall be interpreted to mean such request will be automatically granted.

3. Upon execution of this Agreement, Participating Counsel agree that all cases in which Participating Counsel has a fee interest, including unfiled cases, tolled cases, and or any cases filed in any State and/or federal court arising from personal injury caused by the use of Suboxone Film are subject to the terms and provisions of any assessment and common-benefit time and expenses ("the Covered Claims").

4. Upon execution of this Agreement, Participating Counsel agree to bind themselves and their firm(s)—regardless if such firm associations change from time to time—to the Common Benefit Order and this Agreement and voluntarily waive any jurisdictional challenges and agree that the Northern District of Ohio shall have sole and exclusive continuing jurisdiction over any disputes related to assessment and common-benefit time and expenses.

5. Upon execution of this Agreement, Participating Counsel agree that any clients who they represent that will benefit from access to Common-Benefit Work Product are bound by the Participation Agreement and voluntarily waive on their behalf any jurisdictional challenges and agree that the Northern District of Ohio shall have sole and exclusive continuing jurisdiction over any disputes related to assessment and common-benefit time and expenses.

6. Upon execution of this Agreement, the Co-Leads or their designee(s) will provide Participating Counsel access to the Common-Benefit Work Product, including access to the virtual document depository. Participating Counsel agree that all of their Covered Claims are subject to the terms and provisions of any assessment and common-benefit time and expenses. Upon request, Participating Counsel shall produce a list to the Co-Leads or their designee(s) that truthfully and accurately sets forth the name of each client who has a Covered Claim in which the Participating Counsel has a fee interest, regardless of what that interest is. For each filed case, Participating Counsel shall include in the list: the case name, court, lead counsel,

and docket number. Participating Counsel shall supplement the list upon reasonable request from time to time by the Co-Leads or their designee(s).

7. Subject to the terms of this Agreement and all relevant court orders pertaining to assessments and common-benefit time and expenses, all plaintiffs or their attorneys who agree or have agreed for monetary consideration to settle, compromise, dismiss, or reduce the amount of a claim, with or without trial, recover a judgment for monetary relief, including compensatory and punitive damages, with respect to any Suboxone Film claims acknowledge they are subject to an assessment of the Gross Monetary Recovery, as provided in any relevant court order(s) to be entered.

8. Subject to further order from the Court, with respect to each Covered Claim, Participating Counsel understand and agree that there will be a holdback of the court-ordered assessment from the gross recovery that is equal to the final court-ordered assessment of the Gross Monetary Recovery ("the Assessment"). Unless and until such Order or agreement is entered, Participating Counsel and their law firms shall deposit or cause to be deposited any court-ordered assessment into the Fund. It is the intention of the parties that absent extraordinary circumstances recognized by any MDL 3092 Court Order, such assessment shall be in full and final satisfaction of any present or future obligation on the part of each Plaintiff and/or Participating Counsel to contribute to any fund for the payment or reimbursement of any legal fees, services, or expenses incurred by, or due to, the PLC, Participating Counsel, and/or any other counsel eligible to receive disbursements from the Fund

under any Order of the Court regarding assessments and/or common-benefit time and expenses.

9. Participating Counsel, on behalf of themselves, their firms, their affiliated counsel, and their clients, grant and convey to the PLC a lien upon and/or a security interest in any recovery by any client who Participating Counsel represent now or in the future or in which they have a financial interest in connection with any Suboxone Film–related injury, to the fullest extent permitted by law, to secure payment of the Assessment. Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

10. Any amounts deposited in the MDL 3092 Fund shall be available for distribution to Participating Counsel per any Order(s) of the Court regarding assessments and common-benefit time and expenses.

11. Upon request of Participating Counsel and subject to this Agreement's terms and any applicable court Order, the PLC will provide within a reasonable time to the Participating Counsel, to the extent developed, Common-Benefit Work Product, including access to the PLC's virtual document depository, and, if and when developed, a complete trial package.

12. Subject to this Agreement's terms and any applicable court Order, as the litigation progresses and Common-Benefit Work Product continues to be generated, the PLC will provide Participating Counsel upon request such work-product and will otherwise cooperate with Participating Counsel to coordinate the

MDL litigation and any state litigation, where applicable, for the benefit of all plaintiffs.

13. Both the PLC and Participating Counsel recognize the importance of individual cases and the relationship between clients and their attorneys. The PLC recognizes and respects the value of the contingency-fee agreement as essential in providing counsel to those who could not otherwise avail themselves of adequate legal representation, and it is the intent of the PLC to urge the Court to not disrupt any such agreements so long as they comport with the applicable State bar rules and/or State court orders.

Participating Counsel:

_____
Signature                    Date

_____
Printed Name

On behalf of: _____
                  Law firm

Co-Lead Counsel:

_____
Ashlie Case Sletvold          Date

_____
Erin Copeland                 Date

_____
Trent B. Miracle              Date

_____
Timothy J. Becker             Date