# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE/NALOXONE) FILM PRODUCTS LIABILITY LITIGATION ) ) ) ) ) This Document Applies to All Cases ) ) | Case No. 1:24-md-3092 MDL No. 3092 Judge J. Philip Calabrese |

## CASE MANAGEMENT ORDER NO. 17
## PROTOCOL FOR DEFENDANTS' CUSTODIAL PRODUCTION
## WAVES 1–3

Based on the respective proposals of counsel, and with the Court being fully advised as to same and for good cause shown, the Court **ORDERS** as follows as to the productions of Defendants Indivior Inc., Indivior Solutions, Inc., (together, "Indivior"), and Aquestive Therapeutics, Inc. (collectively, "Defendants"):

All document productions shall comply with Case Management Order Nos. 5, 6, and 11.

### A.   Custodial Cap for Documents to Be Produced

The Court has indicated its inclination to set a cap on the number of custodians the PLC may request at 40 for Indivior and 5 for Aquestive, with additional custodians available for good cause shown. To facilitate the identification of custodians within these limits, the PLC served a Rule 30(b)(6) notice regarding corporate structure and responsibilities. (*See* ECF No. 211.) The parties negotiated to a resolution that, in lieu of a deposition, Indivior Inc. will provide sworn discovery

1

responses regarding corporate structure and personnel to facilitate the PLC's identification of custodians. Those responses are due on July 2, 2025.

In the event the parties are not able to reach agreement, the PLC must seek leave of Court and demonstrate good cause for additional custodians.

### B. Scope of Custodial Document Productions

The temporal scope of custodial productions will commence on January 1, 2006. The temporal scope of custodial productions will end (1) September 24, 2024 for the 24 custodians Indivior Inc. previously identified[1]; (2) December 31, 2024 for custodians Celine Laffont, Frank Preziosi, Shaun Thaxter, Richard Norton, and Andrew Watkins (to the extent Plaintiffs select those individuals as custodians); and (3) the date the PLC identifies other custodians whose files have not been collected, unless (a) there are particular individuals with ongoing involvement at issue in the litigation; (b) there is some indication that there is information after those dates whose discovery is proportional to the needs of the case; or (c) some other particularized need.

To the extent any party identifies that there is a need for production of documents outside this timeframe for an individual custodian, the parties agree to meet and confer with disputes to be decided by the Court. Defendants will apply search terms to cull the custodial files for review, as agreed by the parties in Case

---

[1] Indivior Inc. identified the following custodians that are most likely to have relevant ESI in September 2024: Randal Batenhorst, Timothy Baxter, Becky Bishop, Graham Cairns, Rachel Capone, Howard Chilcoat, Kim Daly, Vanita Dimri, Baher El Mankabady, Paul Fudala, Michelle Hardy, Christian Heidbreder, Terry Horton, Ed Johnson, Vikki Mangano, Bruce Paolella, John Pitts, Nicholas Reuter, Vickie Seeger, John Song, Clorey Toombs, Patti Weston, Ann Wheeler, Davida J. White.

Management Order No. 11. The parties also agree to meet and confer regarding those search terms if either party determines that a search term is not workable as agreed upon or that additional terms are needed, with disputes to be decided by the Court.

### C. Timing of Document Productions

The following schedule will govern the first three waves of Defendants' production of custodial documents.

### C.1. Initial Designation of Custodians by the PLC

The PLC identified 10 custodians (nine for Indivior and one for Aquestive) on February 14, 2025. The parties subsequently agreed that Wave 1 would include seven custodians for Invidior[2] and be completed by July 1, 2025.

### C.2. Wave 1

Defendants will complete the production of documents from the Wave 1 custodians no later than July 1, 2025.

### C.3. Wave 2

The final two custodians the PLC identified on February 14, 2025 (Graham Cairns and Kim Daly) will constitute Wave 2. Defendants will complete production of documents from the Wave 2 custodians no later than August 15, 2025.

---

[2] The Wave 1 custodians are Shaun Thaxter, Timothy Baxter, Randal Batenhorst, Paul Fudala, Christian Heidbreder, Becky Bishop, and Clorey Toombs.

3

### C.4. Wave 3

The PLC identified five additional custodians on June 2, 2025 from the list of custodians previously identified by Defendants.[3] Those five will constitute Wave 3. Defendants will complete the production of documents from the Wave 3 custodians no later than August 30, 2025.

### C.5. Subsequent Waves

The parties will negotiate and submit a protocol for the subsequent waves of custodial productions, as well as for non-custodial productions, in advance of the September case-management conference.

Defendants will provide to the PLC a written certification of substantial completion within seven days of production of each custodian's files.

The certification will allow depositions of the witnesses to go forward.

**Definition of substantially complete:** The term "substantially complete" means the completion of the production of documents identified and collected for a particular custodian after a reasonable search with the exception of: documents requiring substantial work in connection with their production (including, for example, those requiring extensive redaction or privilege review, or large Excel files requiring extensive redactions). Each category of documents that is not produced with the Custodial file will be specifically identified by Defendants at the time of the

---

[3] The custodians identified by the PLC on June 2, 2025 are Vanita Dimri, Ed Johnson, Vikki Mangano, Richard L. Norton, and Frank Preziozi.

4

Custodial file production along with an estimated date for the production of the identified categories.

To the extent that a Party determines that identification of custodians or completion of production is not feasible within the time frames described in this Order, the Parties shall meet and confer in good faith to resolve the issue before addressing the issue with the Court per L.R. 37.1.

### D. Case-Specific Discovery

The Parties acknowledge that the scope of case-specific discovery (*i.e.*, discovery that is specific to a particular plaintiff) is governed by the Federal Rules of Civil Procedure, local rules, subsequent Orders of the Court, and/or agreements of the Parties.

Nothing in this Stipulation is intended to foreclose any party's right to seek additional discovery from any other party where the material or information sought to be discovered was not previously identified by the party from whom/which it is sought.

**SO ORDERED.**

Dated: June 19, 2025

                                            J. Philip Calabrese
                                            United States District Judge
                                            Northern District of Ohio