# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE/NALOXONE) FILM PRODUCTS LIABILITY LITIGATION | Case No. 1:24-md-3092 |
| | MDL No. 3092 |
| | Judge J. Philip Calabrese |
| This Document Applies to All Cases | |

## CASE MANAGEMENT ORDER NO. 18
## DEPOSITION PROTOCOL

By stipulation of the parties, the Court **ORDERS** as follows:

**I. Scope**

This Order applies to depositions of witnesses noticed for deposition in this MDL generally. Provisions for depositions of case-specific witnesses in Bellwether Core Discovery cases appear in Amended Case Management Order No. 15. This Order applies to case-specific witnesses in the Bellwether Core Discovery cases to the extent it addresses a topic not addressed in Amended Case Management Order No. 15.

**II. Deposition Conduct**

The parties shall comply with the Court's Civil Standing Order on Deposition Conduct.

**III. Attendance**

Any attorney formally appearing in the MDL may appear at depositions subject to the provisions of Case Management Order No. 8 (ECF No. 98, PageID #1440–41).

While a witness is being examined about any document or information that has been designated or stamped as "Confidential" or "Highly Confidential" under Case Management Order No. 5, any persons to whom disclosure is not authorized under that Order shall be excluded during that portion of the examination.

## IV. In Person and Remote Depositions

**IV.A.** Depositions will be noticed in person, absent agreement of the parties to conduct the deposition remotely and reflected in the deposition notice.

**IV.B.** Unless otherwise agreed by the Parties or ordered by the MDL Court, depositions may not be taken on Saturdays, Sundays, or federal holidays.

**IV.C.** No one may take photographs, screenshots, or otherwise record the deposition by video or audio means other than the court reporter and videographer.

## V. Remote Viewing and Attendance at In-Person Depositions

The party noticing the deposition shall provide a platform for remote viewing of the deposition (*e.g.*, Zoom). The link to view the deposition will be distributed in advance of the deposition to a designated attorney for each side. Counsel will not distribute the link to view the deposition to any individual not bound by Case Management Order No. 5. Counsel or the court reporter will confirm off the record (either before the deposition or during breaks) that remote attendees are bound by Case Management Order No. 5 and include such confirmation in the transcript. The technician monitoring the remote viewing platform will ensure that the entrance or exit of remote viewers occurs silently without any notification sound that might disrupt the proceedings.

If a deposition is noticed in person, and any party's counsel opts to participate remotely (*i.e.*, to question the witness), that party is responsible for making the necessary arrangements for remote participatory attendance at its own expense, including an electronic exhibit platform, if needed. Each witness, attorney, and other person attending the deposition (in person or remotely) will be identified on the stenographic record.

**VI.     Video**

**VI.A.**  Unless specified in the notice of deposition, a remote deposition will not be recorded by video. By so indicating in its notice of deposition, a Party, at its expense, may record a deposition[1] by videotape or digitally recorded video pursuant to Rule 30(b)(3), subject to the following rules:

**VI.A.1.** At the commencement of the deposition, the video operator will swear or affirm to record the proceeding fairly and accurately.

**VI.A.2.** The background behind the witness will be of a plain, moderately dark color.

**VI.A.3.** The video file will present the witness only and will not simultaneously show documents or exhibits in that video file. This does not preclude a party from arranging the recording of a separate video file recording exhibits via Elmo or other device. This agreement does not govern the

---

[1] If the non-noticing party chooses to videotape the deposition, the non-noticing party should cross-notice the deposition as a videotaped deposition and arrange for video-recording services.

admissibility or method of presentation or publication of recorded video depositions at trial.

**VI.A.4.** The video camera operation will be suspended during the deposition upon stipulation by counsel.

**VI.A.5.** The videographer will film the witness only while the witness is seated in the witness chair and will not film the witness at any other time, including when entering or leaving the deposition room.  The videographer will not film any persons in the room except for the witness absent agreement of the parties or Order of the Court.

**VII.  Use of Exhibits**

Under Rule 30(f)(2), counsel shall be responsible for ensuring that all documents on the record that the witness will refer to during the course of his or her testimony are clearly identified and a copy made available to the witness.

If noticing counsel opts to send exhibits to -defending counsel at least 48 hours in advance of a deposition, defending counsel will agree to provide copies of the documents anticipated to be used during the deposition so that the witness does not spend time unnecessarily rereviewing the documents during the deposition and is prepared to testify, if appropriate, about the documents upon being provided them during the deposition.

**VIII.  Remote Depositions**

The following additional rules will apply to remote depositions:

**VIII.A.** Everyone in attendance at the deposition including the witness is subject to Case Management Order No. 5 governing designation and handling of

4

protected information at depositions. To preserve confidentiality of documents, electronic exhibits may only be shared with former employees and third-party witnesses as provided in Case Management Order No. 5, and such deponent will certify on the record that they have not downloaded or will delete copies of all exhibits from their device at the conclusion of the deposition.

**VIII.B.** The party noticing the deposition or the assigned Remote Deposition Vendor must provide the witness and all other attendees with detailed instructions regarding how to participate in the Remote Deposition at least 24 hours before the deposition is noticed to commence.

**VIII.C.** With respect to exhibits for remote depositions of company witnesses, if any, the parties shall either (1) make electronic versions of the exhibits available one business day before the deposition or (2) make hard-copy paper exhibits available to the witness. Such hard-copy exhibits shall be transmitted so that they are received the business day before the deposition (with tracking information available upon request) to the witness, counsel, and the court reporter.

Upon delivery, each recipient shall confirm by email to deposing counsel receipt of the exhibits. Anyone receiving sealed hard-copy exhibits agrees that the sealed exhibits must remain sealed and unopened until the deposition begins and the witness is instructed on the record to open a sealed hard-copy exhibit (at which time others in possession of sealed exhibit folders may open the sealed exhibit, as well).

Deposing counsel may ask the witness and others receiving sealed exhibits to confirm on the record that no exhibit was opened prior to the time they are opened during the deposition.

At the conclusion of a deposition, any unused exhibits will remain sealed and shall be returned, unopened, to the counsel who provided those exhibits with a prepaid, self-addressed return shipping label or envelope.  If electronic versions of exhibits are made available, the witness will delete such documents at the conclusion of the deposition as set out in VIII.A.

Counsel planning on questioning the witness with an exhibit will attempt in good faith to include in their hard-copy set all the exhibits on which they plan to question the witness; however, nothing in this Order is intended to prevent counsel from introducing during the deposition additional exhibits not previously transmitted in hard copy.

### IX. Coordinating with Defense Counsel to Schedule Depositions

The parties will seek to reach agreement on the number of depositions.

Upon request for deposition of current employees or former employees of a Defendant, defense counsel shall exercise its best efforts to supply within 10 business days no less than two potential deposition dates from two separate weeks. Depositions of Defendants' employees, former employees, and corporate representatives will be formally noticed only after consultation under this section, unless defense counsel has not supplied available dates within 10 business days of the request to depose.  For former employees who will not be represented by counsel for a Defendant, that Defendant's counsel shall supply either (1) the last known

contact information for the requested deponent or (2) if Defendant's counsel knows the requested deponent to be represented by other counsel, the name and contact information of the requested deponent's counsel.

## X.  Time on Record

The parties will meet and confer to seek agreement regarding the deposition duration of Defendants' employees or former employees based upon job responsibilities and years employed by the Defendant. Defendants will have reasonable time to examine the witness at the conclusion of Plaintiffs' examination. Plaintiffs' counsel shall be entitled to an equal amount of time for recross in the event Defendants conduct a redirect. Defendants' counsel shall be entitled to a reasonable amount of time for redirect following any recross, followed by recross, if any, by the PLC of an equal amount of time, until both parties have tendered the witness.

In the event that the PLC intends to have more than one attorney question a witness for the MDL Plaintiffs, the PLC shall advise Defendants' counsel at least 24 hours before the deposition commences and provide a brief summary of the topics each examiner will cover. The PLC may designate at most two attorneys to examine a witness on behalf of the MDL Plaintiffs. There will be no more than one change of examiner during the deposition and only one of the two examiners shall conduct recross at the conclusion of redirect. To minimize interruptions, an objection by one counsel counts for all parties present. Additional examiners on behalf of MDL parties shall not be permitted absent good cause or agreement of the parties.

## XI. Confidentiality

Plaintiffs' depositions of Defendants' employees or former employees, including both witnesses deposed in their personal capacity and those designated under Rule 30(b)(6) will be treated as Protected Information pending formal designation under Case Management Order No. No. 5 within 30 days of receipt of the official transcript. (ECF No. 84, PageID #863–64.)

**SO ORDERED.**

Dated: June 20, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio