## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE SUBOXONE | ) | Case No. 1:24-md-3092 |
| (BUPRENORPHINE/NALOXONE) | ) | |
| FILM PRODUCTS LIABILITY | ) | MDL No. 3092 |
| LITIGATION | ) | |
| | ) | Judge J. Philip Calabrese |
| This Document Applies to All Cases | ) | |
| | ) | |

## ORDER APPROVING FORM FOR NOTICE
## OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE
## OF DUPLICATE CLAIMS AND DOCKETING OF SUCH DISMISSALS

The PLC and Defendants have advised the Court that certain plaintiffs have duplicate claims pending in this MDL on both Schedule A (ECF No. 100–101) per Case Management Order No. 4 (ECF No. 81) and in a Joinder Complaint per Case Management Order No. 14 (ECF No. 306). This circumstance is typically the result of a plaintiff having retained more than one law firm.

Since the implementation of the Census in Case Management Order No. 12 (ECF No. 158), Rubris has been identifying potential duplicates in Crosslink. When a potential duplicate is identified, the implicated law firms communicate to determine whether the potential duplicate is, in fact, a duplicate and, if so, which firm will have responsibility for representing that individual moving forward. Docketing that outcome was straightforward where a dual-represented plaintiff appeared twice on Schedule A: the PLC simply removed the second entry with its monthly report on the status of Schedule A pursuant to Case Management Order No. 12. Docketing that outcome is equally straightforward where a dual-represented plaintiff has an

individually filed case along with being included on Schedule A: either the PLC removed duplicate entry from Schedule A in the PLC's monthly report (and the plaintiff proceeds in the individual case) or counsel in the filed case filed a notice of voluntary dismissal pursuant to Rule 41(a) (and the plaintiff proceeds on Schedule A).

But there is no clear mechanism for docketing the outcome of a dual representation where a plaintiff appears on Schedule A and in a Joinder Complaint. To facilitate the effective and efficient management of this MDL, the Court approves the following process to docket the outcome of dual representations in this specific context unique to this MDL. This process will provide uniformity, eliminate unnecessary procedural complexity, and ensure that a given plaintiff pays no more than one filing fee in this litigation.

Therefore, the Court **ORDERS** as follows:

Where a dual representation has been confirmed for a plaintiff on Schedule A and a Joinder Complaint and that plaintiff intends to continue on Schedule A, counsel in the Joinder Complaint case shall file on the Joinder Complaint docket one of the two approved notices attached as Exhibits 1 and 2. If the plaintiff will be dismissed from the Joinder Complaint and continue on Schedule A *represented by the Joinder Complaint firm*, Joinder Complaint counsel will file **Exhibit 1**. If the plaintiff will be dismissed from the Joinder Complaint and continue on Schedule A *represented by the Schedule A firm*, the Joinder Complaint counsel will file **Exhibit 2**. If multiple plaintiffs on the same Joinder Complaint are identified as confirmed duplicates who

will continue on Schedule A, Joinder Counsel is directed to file a separate notice regarding each plaintiff.

If the outcome of a confirmed dual representation is that the plaintiff will be removed from Schedule A and continue on the Joinder Complaint, no separate filing is required.  In such a circumstance, case counsel is directed to alert liaison counsel Alyson Beridon to ensure that plaintiff's removal from Schedule A is reflected in the next Revised Schedule A submitted with the PLC's monthly report per Case Management Order No. 12.  A Schedule A plaintiff who proceeds with their claims in a Joinder Complaint is not relieved of the terms of or obligations imposed by Orders applicable to Schedule A plaintiffs, including Case Management Order No. 12.

If a Joinder Complaint counsel files either Exhibit 1 or Exhibit 2 in the Joinder Complaint docket, the severance and dismissal in that case will be without prejudice to the identified plaintiff's claims in the Joinder Complaint without requiring payment of a filing fee.  To ensure uniformity as this MDL proceeds, counsel docketing the severance and dismissal shall use the following text:  "Plaintiff [Name] has noticed voluntary dismissal without prejudice of the claims alleged on Plaintiff's behalf in this Joinder Complaint and will continue on Schedule A."

**SO ORDERED.**

Dated:  September 18, 2025

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio

4