## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE SUBOXONE | ) | Case No. 1:24-md-3092 |
| (BUPRENORPHINE/NALOXONE) | ) | |
| FILM PRODUCTS LIABILITY | ) | MDL No. 3092 |
| LITIGATION | ) | |
| | ) | Judge J. Philip Calabrese |
| This Document Applies to All Cases | ) | |
| | ) | |

## ORDER APPOINTING SPECIAL MASTER

At various points in the management of this case, the Court advised counsel that appointment of a Special Master might be appropriate. During the status conference on January 14, 2025, the Court suggested the possibility of appointing a Special Master. (ECF No. 184, PageID #4935–36.) At the February 12, 2025 conference, the Court circulated and discussed a draft of this Order with counsel. On September 19, 2025, the parties advised that they had agreed on a Special Master.

On consideration of the record and the parties' agreement, and pursuant to Rule 53 of the Federal Rules of Civil Procedure, the Court **APPOINTS** as Special Master Fouad Kurdi. As Rule 53 requires, the Court sets out below the duties and terms of the Special Master and reasons for appointment and **ORDERS** the Special Master to "proceed with all reasonable diligence." Fed. R. Civ. P. 53(b)(2).

## I.    Background

As this case has progressed, it has reached a point where substantial, direct, hands-on management of the exchange of information and various discovery issues, including the production and review of confidential medical information, is necessary.

1

A wide range of possible disputes is likely to arise from the numerous cases at issue, and the procedural mechanisms and deadlines most suitable to each will vary. Based on discussion with counsel, this process will require substantial commitment of time and attention. The assigned judicial officer manages a significant workload. Further, the subject matter of this action will require technical expertise in interpreting medical, dental, pharmacy, and other records and electronically stored information. In such circumstances, courts facing similar challenges conclude that appointment of a Special Master is appropriate to help the Court with various pretrial, trial, and post-trial tasks. Indeed, the 2023 amendments to Rule 53 specifically recognize the pretrial, trial, and post-trial functions of masters in contemporary litigation. Accordingly, the Court finds that appointment of a Special Master will assist the Court in both effectively and expeditiously resolving the parties' discovery disputes and preparing this case for bellwether trials and will assist the Court in facilitating a potential resolution.

## II.    Rule 53(b)(2)

Rule 53 requires an order of appointment to include certain contents. *See* Fed. R. Civ. P. 53(b)(2). The following discussion sets forth the matters required.

### II.A.  Master's Duties

Rule 53 provides that the Court may appoint a master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of this district." Fed. R. Civ. P. 53(a)(1)(C). Based on the Court's pretrial management of this case to date and discussions with counsel,

the Court finds that the pretrial and discovery proceedings the parties require and exploring the potential for resolving the parties' disputes cannot be effectively and timely addressed by a judicial officer of the Court given the quantity of cases, the nature of the claims, and the particular subject matters implicated.

The Court has reviewed legal authority addressing the duties of a Special Master permitted under the Federal Rules of Civil Procedure and Article III of the Constitution.  Consistent with this legal authority and the currently anticipated needs of the case, the Court states that the Special Master in these proceedings shall have the authority to address pretrial matters including but not limited to the following:

1.      Review and attempt to resolve informally any discovery conflicts (including issues such as the discoverability of particular information, privilege, confidentiality, and access to trade secrets and other records) as the parties may request.

2.      Assist in preparation for attorney conferences (including formulating agendas), scheduling, and negotiating changes to case management and scheduling orders.

3.      Oversee management of docketing, including the identification and processing of matters requiring court rulings, such as but not limited to the filing of any materials under seal if appropriate under governing law.

4.      Compile data or information and assist with, or make findings and recommendations with regard to, interpretation of medical or other specialized

3

evidence and, if necessary, assist with legal analysis of the parties' motions or other submissions, and make recommended findings of fact and conclusions of law on any substantive non-dispositive motion(s).

5. Direct, supervise, monitor, and report on implementation and compliance with the Court's Orders and make findings and recommendations on remedial action if required.

6. Interpret any agreements the parties reach regarding discovery.

7. Administer, allocate, and distribute funds and other relief, as might become necessary, and monitor compliance with injunctions, as might become necessary.

8. Make formal or informal recommendations and reports to the parties and to the Court regarding any matter pertinent to these proceedings.

9. Propose structures and strategies for attorneys' fee issues and fee settlement negotiations, review fee applications, and evaluate parties' individual claims for fees, as might become necessary.

10. Explore and facilitate, if feasible, resolution of the parties' dispute.

11. Communicate with parties and attorneys as needs might arise to permit the full and efficient performance of these duties.

In addition to the foregoing, the Court may refer any discovery-related motion to the Special Master for a report and recommendation if the Court determines that doing so is appropriate and will assist the Court in effectively and timely resolving that motion.

## II.B.   Communications with the Parties and the Court

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the master may communicate *ex parte* with the court or a party."

### II.B.1. *Ex Parte* Communications with the Court

The Special Master may communicate *ex parte* with the Court at the Special Master's discretion, without providing notice to the parties, to assist the Court with legal analysis of the parties' positions and the Court's understanding of the highly specialized or technical matters that may bear on the proceedings.  The Special Master may also communicate *ex parte* with the Court, without providing notice to the parties, regarding logistics, the nature of his activities, management of the litigation, and other appropriate procedural matters.

The Special Master may not communicate with the Court any matters within the mediation privilege or relating to any settlement negotiations.  The Special Master may periodically report to the Court the status and progress of discussions, but may not disclose to the Court any other matter relating to any mediation or settlement discussions without the prior written consent of both parties.  The Court may later limit the Special Master's *ex parte* communications with the Court with respect to certain functions if the role of the Special Master changes.

### II.B.2. *Ex Parte* Communications with the Parties

The Special Master may communicate *ex parte* with any party, or counsel for any party, without the express written consent of the parties or their counsel only for the following purposes:

5

a.       To resolve matters involving a claim of privilege, issues relating to discovery of confidential, proprietary, or trade secret information, or similar questions, and in connection with *in camera* inspections.  The Special Master may resolve any question or dispute regarding such matters through an *in camera* review of appropriate materials through a process that affords an opportunity to be heard to the party challenging the claim of privilege.

b.       To act as a neutral in any efforts at mediation, negotiation, or other alternative dispute resolution, including preparing for the same or evaluating the viability of such efforts.  The Special Master shall make reasonable efforts to conduct as many communications as possible not on an *ex parte* basis.

## II.C.  Master's Record

Rule 53(b)(2)(C) states that the Court must define "the nature of the materials to be preserved and filed as the record of the master's activities."  The Special Master shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and the matters worked on.  *See also* Section II.E of this Order, below.

If appropriate, the Special Master shall submit a report and recommendation in writing for electronic filing on the case docket.  The Special Master need not preserve for the record any documents created by the Special Master that are docketed in this or any other court, nor any documents received by the Special Master from counsel or parties in this case.  The Court may later amend the requirements for the Special Master's record if the role of the Special Master changes.

## II.D.   Review of the Special Master's Orders

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations."  The Special Master shall either:  (1) reduce any formal order, finding, report, or recommendation to writing and file it electronically on the case docket via Electronic Case Filing; or (2) issue any formal order, finding, report, or recommendation on the record, before a court reporter.

Pursuant to Rule 53(f)(2), any party may file an objection to the Special Master's report and recommendation within 21 calendar days of the date it is electronically filed. Any objection to a procedural order must be made within seven calendar days unless, for good cause shown, the Special Master sets a different deadline in writing.  Failure to meet these deadlines results in permanent waiver of any objection to the Special Master's orders, findings, reports, or recommendations.  Note that a discovery order is considered a procedural order.  *See, e.g., Ravin Crossbows, LLC v. Hunter's Mfg. Co.*, No. 5:18-cv-1729, 2020 WL 7706257, at *2 (N.D. Ohio Dec. 29, 2020).

Absent timely objection, the reports and recommendations of the Special Master shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise.  As provided in Rule 53(f)(4) and (5), the Court shall decide *de novo* all objections to conclusions of law made or recommended by the Special Master; and the Court shall set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion.  The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties and

7

subject to waiver of objection to written orders or recommendations as noted above.  To the extent that the Special Master enters an order, finding, report, or recommendation regarding an issue of fact, the Court shall review such issue *de novo*, if any party timely objects.  *See* Fed. R. Civ. P. 53(f)(3).  Failure to timely object results in permanent waiver of any objection to the Special Master's findings of fact.

### II.E.  Compensation

Rule 53(b)(2)(E) states that the Court must set forth "the basis, terms, and procedure for fixing the master's compensation."  *See also* Fed. R. Civ. P. 53(g) (addressing compensation).  The Special Master shall be compensated at the rate of $1,100.00 per hour, with the parties bearing this cost equally for time spent in collective communication with the Special Master (50% by Plaintiffs and 50% by Defendants).  The parties will be solely responsible for time spent in *ex parte* communication with the Special Master.  The cost is subject to reallocation on an issue-by-issue basis on the recommendation of the Special Master.  The Special Master shall incur only such fees and expenses as might be reasonably necessary to fulfill his duties under this Order, or such other Orders as the Court might issue.

Within 14 days of the date of this Order, the parties shall **REMIT** to the Special Master an initial, one-time retainer of $50,000.00 (50% by Plaintiffs and 50% by Defendants); the Court will not order additional payments by the parties to the Special Master until the retainer is fully earned.  The Court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay."  Fed. R. Civ. P. 53(a)(3).  From time to time,

on approximately a monthly basis, the Special Master shall submit to the Court an itemized statement of fees and expenses, which the Court will inspect carefully for regularity and reasonableness.  The itemized statement shall not reflect any confidential information or the substance of any *ex parte* communications.  The itemized statement will indicate whether the time spent was collective (*e.g.*, conducting a settlement conference with all parties in attendance) or *ex parte* (*e.g.*, time spent conferring with one party about a particular aspect of settlement negotiations).  Each itemized statement shall include a signature line for the Court, accompanied by the statement "approved for disbursement."  If the Court determines that the itemized statement is regular and reasonable, the Court will sign the corresponding statement and transmit it to the parties.  The parties shall then remit to the Special Master their itemized share of any Court-approved amount within 20 calendar days of Court approval.

Finally, the Special Master shall not seek or obtain reimbursement or compensation for support personnel, absent approval by the Court.  If necessary, appropriate, and reasonable, the Special Master may use other legal personnel at his firm to discharge his duties so long as (1) all such personnel adhere to the terms of this Order and (2) the hourly rate charged for any such person does not exceed that person's standard hourly rate or the hourly rate of the Special Master set in this Order, whichever is lower.

### II.F.  Other Matters

#### II.F.1.  Affidavit or Declaration

Rule 53(b)(30 notes that the Court may enter an order of appointment "only after the master files an affidavit disclosing whether this is any ground for disqualification under 28 U.S.C. § 455." *See also* Fed. R. Civ. P. 53(a)(2) (discussing grounds for disqualification).

#### II.F.2 Protective Order

At the same time the Special Master executes the affidavit discussion above, he shall also execute an affidavit agreeing to be bound by the governing Protective Order in this case.  (ECF No. 84.)  Further, the Special Master shall be bound by and follow all Case Management Orders and other Orders in this matter.  Pursuant to Paragraphs K(1)(m) and K(1)(n), the Court orders the Special Master and any person with whom the master works, pursuant to Section II.E. of this Appointing Order or further order of the Court, shall have access to and review any documents produced pursuant to the Protective Order.  Under this Order, the Special Master will have access to Confidential and Highly Confidential materials and information under the Protective Order.  The Court clarifies, in case of any doubt, that providing such materials to the Special Master does not waive any protections under the Protective Order.

The Special Master and any person with whom the master works, pursuant to Section II.E. of this Appoint Order or further order of the Court, shall execute the

Acknowledgement and Agreement to be Bound, which is attached as an exhibit to the Protective Order.  (ECF No. 84-1.)

### II.F.3 Cooperation

The Special Master shall have the full cooperation of the parties and their counsel.  Pursuant to Rule 53(c), the Special Master may, if appropriate, "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty."  As an agent and officer of the Court, the Special Master shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

The parties will make readily available to the Special Master any and all facilities, files, databases, and document necessary to fulfill the Special Master's functions under this Order.

### II.F.4 Electronic Filing

The Court **ORDERS** that Fouad Kurdi be given access to file electronically in this matter.  Further, the Court **ORDERS** that Fouad Kurdi receive access to any and all sealed filings in this matter.

**SO ORDERED.**

11

Dated:  October 8, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio