# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE SUBOXONE | ) | Case No. 1:24-md-03092 |
| (BUPRENORPHINE/NALOXONE) | ) | |
| FILM PRODUCTS LIABILITY | ) | MDL No. 3092 |
| LITIGATION | ) | |
|  | ) | Judge J. Philip Calabrese |
| This Document Applies to All Cases | ) | |
|  | ) | |

## ORDER

In this Order, the Court addresses Plaintiffs' submissions and Defendants' responses to the Court's two Show Cause Orders for (1) Plaintiffs who are not a part of the Record Collection Pool—the first stage of the bellwether selection process—to show cause why they did not comply with Case Management Order No. 12 (ECF No. 328) and (2) Plaintiffs in the Record Collection Pool, including those who are Provisional Replacements, to show cause why they did not comply with Case Management Order No. 12 or No. 15 (ECF No. 329).  For each Plaintiff's submission, the Court either (1) dismisses the Plaintiff's claims with or without prejudice in accordance with Case Management Order No. 12 or (2) allows Plaintiff's claim to continue based on a showing of good cause.

## PROCEDURAL BACKGROUND

On November 4, 2024, the Court issued Case Management Order No. 12 (ECF No. 158), establishing a census protocol for Plaintiffs with cases filed on or before October 7, 2024.  This census protocol aimed to obtain proof of product use and proof

of a relevant dental injury for each such Plaintiff and required the completion of a census form and the execution of certain authorizations.

On March 14, 2025, the Court issued Case Management Order No. 15 (ECF No. 207).  That Order (as later amended with provisions relating to other topics) governed the selection of 500 Plaintiffs for a Record Collection Pool ("RCP Plaintiffs") as the first step of selecting bellwether cases for trial and confirmed that RCP Plaintiffs were obligated to complete the Census Form on or before August 1, 2025. Pursuant to that Order, the parties randomly identified 500 RCP Plaintiffs in Case Management Order No. 16.  (ECF No. 217.)  The parties identified RCP replacements in Amended Case Management Order No. 16 (ECF No. 227) and Second Amended Case Management Order No. 16 (ECF No. 239).  The Court identified provisional RCP replacements in an Order dated July 15, 2025.  (ECF No. 287.)

A number of non-RCP Plaintiffs subject to Case Management Order No. 12 failed to complete the census.  Additionally, RCP Plaintiffs or Provisional Replacements (identified in ECF No. 217, ECF No. 227, ECF No. 239, or ECF No. 287) failed to complete the census or provide authorization forms by the deadline as required by Case Management Order No. 12 and No. 15.

On September 9, 2025, the Court entered two Show Cause Orders.  The first ordered non-RCP Plaintiffs to show cause by September 24, 2025 why they did not comply with Case Management Order No. 12.  (ECF No. 328.)  The second ordered RCP Plaintiffs or Provisional Replacements to show cause by September 25, 2025

why they did not comply with Case Management Order No. 12 or No. 15.  (ECF No. 329.)  Defendants had seven days to respond to any submission.

## ANALYSIS

In the context of Rule 16 of the Federal Rules of Civil Procedure, the Sixth Circuit notes that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted).  "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* (citation omitted).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *E.E.O.C. v. Honda of America Mfg., Inc.*, No. 2:06-cv-0233, 2007 WL 1024426, at *1 (S.D. Ohio Mar. 29, 2007) (citation omitted).  "It is well settled that the good-cause determination is left to the Court's sound discretion, and [the plaintiff] bears the burden to establish good cause." *Wise v. Department of Def.*, 196 F.R.D. 52, 54 (S.D. Ohio 1999) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) (evaluating good cause in the context of Rule 4)).

The Court has reviewed Plaintiffs' 297 submissions and Defendants' responses. Generally, Plaintiffs' submissions fall into two categories.  In the first, there are what the Court determines to be legitimate excuses for a lack of diligence.  These circumstances include serious health issues, significant injuries, incarceration, caring for ill family members, recent deaths in the family, an unexpected change in address, financial difficulties, dual representation of firms in this MDL (leading to

unintended confusion), and homelessness.  In all cases, this category requires sufficient supporting details, as opposed to a general unsupported or conclusory statement.  Such circumstances may establish good cause for failure to comply with deadlines, so long as a plaintiff nonetheless acted diligently.  *See, e.g.*, *Wise*, 196 F.R.D. at 54 (citing *Habib*, 15 F.3d at 74) (acknowledging that good cause in the context of Rule 4 "may be found when a plaintiff experiences a sudden and debilitating illness").

Into the second category fall what the Court finds to be excuses for a lack of diligence that lack merit.  These circumstances include issues regarding email or phone service, failure to inform counsel of a change in contact information, lack of communication with counsel, lack of understanding of deadlines and obligations, miscommunications or misunderstandings, demanding work hours, and vague or unspecified personal or health issues.  These types of circumstances do not establish good cause for failure to comply with the Court-ordered deadlines because they demonstrate that Plaintiffs did not act diligently and were not excused from doing so.  *See, e.g., Pyfrom v. ContactUS, LLC*, No. 2:21-cv-4293, 2023 WL 32843, at *4 (S.D. Ohio Jan. 4, 2023) (determining that good cause existed for an untimely filing in part because the party exhibited "diligence in checking her mail for legal-related mailings"); *Napper v. Health Care Logistics*, 2:24-cv-14, 2024 WL 126383, at *1 (S.D. Ohio Jan. 11, 2024) (cautioning the plaintiff that "failure to update his email address and monitor his email account (including his 'junk mail' or spam folder) for court filings may result in the Court's dismissal of the action"); *Stoddard v. Wainwright*,

4

No. 5:20-cv-754, 2022 WL 3567372, at *19 (N.D. Ohio July 20, 2022) (acknowledging that issues with computer access do not establish good cause to excuse untimely filings); *Bearup v. Cintas Corp.*, No. 1:21-cv-151, 2025 WL 887692, at *3 (S.D. Ohio Mar. 21, 2025) (determining that it was unreasonable in the context of excusable neglect for the plaintiff not to apprise counsel of her new contact information during a show cause order); *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *3 (6th Cir. Mar. 1, 2023) (determining that the plaintiff's misunderstanding of the law "did not constitute good cause").

## I.    Schedule A Plaintiffs

Plaintiffs on Schedule A filed the following submissions, which the Court addresses under broad headings.

### I.A.    Dismissals With No Objection

Several submissions involved counsel representing that they were unable to contact their clients despite diligent efforts to do so.  Counsel for these Plaintiffs do not oppose dismissal.  Failure of communication with counsel demonstrates a lack of diligence.  In addition, the Court received notices of death regarding several of the Plaintiffs.  (ECF No. 404; ECF No. 404-1; ECF No. 423; ECF No. 423-1.)  The surviving family members whom counsel have been able to contact have indicated that they do not anticipate pursing their claims.  Further, other Plaintiffs were removed from Schedule A with claims no longer pending before the Court.  Therefore, the Court **DISMISSES WITH PREJUDICE** the claims of the following Plaintiffs:

| ECF No. | Last Name |
|---------|-----------|
| 340 | Kukan |
| 340 | Hartsgrove |
| 340 | Bowden |
| 340 | Vanhoorelbeke |
| 340 | Walker |
| 340 | Roper |
| 340 | Tate |
| 340 | Perez |
| 340 | Myers |
| 340 | Doty |
| 340 | Hardy |
| 340 | Voye |
| 340 | Adkins |
| 340 | Sando |
| 340 | Bither |
| 340 | Jewett |
| 340 | Wilks |
| 340 | Horan |
| 340 | Desmidt |
| 340 | Young |
| 340 | Mattias |

| | |
|---|---|
| 340 | Pietrzak |
| 340 | Wakefield |
| 341 | Worley |
| 374 | Baird |
| 374 | Buttram |
| 374 | Manzanares |
| 374 | Medice |
| 374 | Singleton |
| 374 | Smith |
| 374 | G. Wise |
| 374 | T. Wise |
| 404/423 | Baez |
| 404/423 | Barenchi |
| 404/423 | Darling |
| 404/423 | Goolsby |
| 404/423 | Hopkins |
| 404/423 | Kelley |
| 404/423 | Kopas |
| 404/423 | Lenora |
| 404/423 | Mickeriz |
| 404/423 | Morgan |
| 404/423 | O'Brien |

| 404/423 | Olivier |
|---|---|
| 404/423 | Triplett |
| 404/423 | Whittington |
| 420 | Dowland |
| 421 | McBride |
| 426 | Devlin |
| 430 | Rainwater |
| 432 | Martissa |
| 433 | Caron |
| 435 | Rodriguez |
| 439 | Keith |
| 457 | Howie |
| 457 | Conner |
| 457 | Conwell |
| 457 | Crockett |
| 457 | Jacobs |
| 457 | Janese |
| 457 | Daubenspeck |
| 457 | Keener |
| 457 | Dickens |
| 457 | Digilio |
| 457 | Dunbar |

| 457 | Evans |
|---|---|
| 457 | Alfano |
| 457 | Faus |
| 457 | Allen |
| 457 | Archuleta |
| 457 | Ashbrook |
| 457 | Finley |
| 457 | Ball |
| 457 | Baptiste |
| 457 | Barreto |
| 457 | Fornear |
| 457 | Barrett |
| 457 | Barton |
| 457 | Galati |
| 457 | Garcia |
| 457 | Garza |
| 457 | Bowen |
| 457 | Golub |
| 457 | Gomez |
| 457 | Gonzalez |
| 457 | Greer |
| 457 | Gregory |

| 457 | Griffin |
|-----|---------|
| 457 | Haltorn |
| 457 | Casteel |
| 457 | Caudle |
| 457 | Chambers |
| 457 | Heiko |
| 457 | Lee |
| 457 | Catalone |
| 457 | Rocha |
| 457 | Rodriguez |
| 457 | Coltrain |
| 457 | Comfort |
| 457 | Loucks |
| 457 | Lowe |
| 457 | Malstrom |
| 457 | Schroeder |
| 457 | Martin |
| 457 | Daly |
| 457 | Dees |
| 457 | Mattinson |
| 457 | Souza |
| 457 | Thacker |

| 457 | Tomeo |
|---|---|
| 457 | J. Miller |
| 457 | R. Miller |
| 457 | Montes |
| 457 | Vail |
| 457 | Vendrell |
| 457 | Garrett |
| 457 | Gauger |
| 457 | Wood |
| 457 | Pantina |
| 457 | Adams |
| 457 | Grof |
| 457 | Pearson |
| 457 | Hallock |
| 457 | Ambrosio |
| 457 | Pendergrass |
| 457 | Perez |
| 457 | Henthorn |
| 457 | Badger-Hodges |
| 457 | Phillips |
| 457 | Howard |
| 457 | Pond |

| | |
|---|---|
| 457 | Hunt |
| 457 | Pragle |
| 457 | Hutchings |
| 457 | Pressley |
| 457 | Boyd |
| 457 | Radcliffe |
| 457 | Rafiq |
| 457 | Ranaudo |
| 457 | Konidis |
| 457 | Kruckmeyer |
| 457 | Cagle |
| 457 | Roberts |
| 458 | Bratcher |
| 458 | Caudill |

### I.B.  Surviving Claims With No Objection

Defendants do not object to a finding of good cause based on the submissions of several Plaintiffs.  Based on its independent review, and without objection, the Court determines that the following Plaintiffs' claims survive:

| ECF No. | Last Name |
|---|---|
| 345/350 | Wells |
| 352 | Large |

| 353 | Trine |
|---|---|
| 354 | Segars |
| 355 | Cole |
| 357 | Shannon |
| 366 | White |
| 383 | Caldwell |
| 388 | Camputaro |
| 395 | Shaffer |
| 397 | Byrne |
| 398 | Peterson |
| 400 | Trent |
| 414 | Owano |
| 447 | Ruiz |
| 450 | McCarthy |
| 451 | King |
| 452 | Browning |
| 471 | Moore |
| 476 | Nemeth |
| 477 | Cato |
| 492 | Angiollo |
| 492 | Smith |
| 498 | Smith |

| 509 | McCarty |
|-----|---------|
| 511 | Thompson |

## I.C.    Disputed Submissions

For the following Plaintiffs, the parties dispute whether Plaintiff has demonstrated good cause.

### I.C.1. Email, Phone, and Technical Issues

Several submissions involve Plaintiffs who offered email, phone, and technical issues as an excuse for their noncompliance.  These issues include a change in email address not communicated to counsel; trouble with email, computer, and document access; accidentally blocking counsel; a change in phone number without communication with counsel; deletion of email address without communication with counsel; or relevant emails buried under others in an inbox or other folder.  A lack of diligence in checking emails, communication about a change in email address or phone number, or technology difficulties with counsel does not demonstrate good cause.  Therefore, the Court **DISMISSES WITH PREJUDICE** the following Plaintiffs' claims:

| ECF No. | Last Name |
|---------|-----------|
| 335 | Baldwin |
| 344 | Rushing |
| 347 | Gates |
| 348 | Kalojiannis |

| | |
|---|---|
| 359 | Ross |
| 363 | Dourte |
| 364 | Barikian |
| 368 | Henry |
| 370 | Hurley |
| 392 | Miller |
| 394 | Moretti |
| 434 | Weber |
| 437 | Parman |
| 438 | Delio |
| 440 | Henry |
| 441 | Massey |
| 443 | Gardner |
| 444 | Miller |
| 445 | Strayer |
| 446/494 | Hough |
| 448 | Enriquez |
| 469 | Regan |
| 478 | Reece |
| 479 | Hilyer |
| 482 | Sullivan |
| 487 | Imus |

| 496 | Oakley-Wheelus |
|---|---|
| 497 | Harris |
| 516 | Selvage |

### I.C.2. Specific Health Issues

Several submissions involve Plaintiffs who offered specific health issues as an excuse for their noncompliance.  These issues included injuries on the job, medical issues from Covid-19, surgery, and various medical emergencies.  In addition, some Plaintiffs who cited specific health issues demonstrated that they provided the required forms and authorizations.  Specific health issues such as these may have interfered with a plaintiff's ability to act with reasonable diligence.  Therefore, the Court determines that the following Plaintiffs have demonstrated good cause and their claims survive:

| ECF No. | Last Name |
|---|---|
| 337 | Fritts |
| 343/403 | Rodriguez |
| 349 | Limehouse |
| 382 | Taylor |
| 389 | King |
| 390 | Turner |
| 391 | Havermahl |
| 417 | Contreras |

| 470 | Egnor |
|-----|-------|
| 481 | Baggaley |
| 484 | Adamo |

### I.C.3. Specific Family Issues

Several submissions involve Plaintiffs who offered specific family issues as an excuse for their noncompliance.  These issues included deaths in the family and caring for elderly or ill family members.  In addition, some Plaintiffs who cited specific family issues demonstrated that forms and authorizations had since been provided.  Specific family issues may have interfered with a plaintiff's ability to act with reasonable diligence.  Therefore, the Court determines that the following Plaintiffs have demonstrated good cause and their claims survive:

| ECF No. | Last Name |
|---------|-----------|
| 336 | Fontenot |
| 361 | Schoellkopf |
| 373 | Drouin |
| 475 | Ray |
| 488 | Gerg |

### I.C.4. Unspecified Issues

Several submissions involve Plaintiffs who offered unspecified health, family, or personal issues as an excuse for their noncompliance.  A generalized, conclusory,

17

or unspecified excuse fails to carry a plaintiff's burden of demonstrating good cause. Therefore, the Court **DISMISSES WITH PREJUDICE** the following Plaintiffs' claims:

| ECF No. | Last Name |
|---------|-----------|
| 342 | Deichmiller |
| 371 | Nantz |
| 375 | Bierce |
| 378 | Russ |
| 379 | Lopes |
| 381 | Grider |
| 386 | Roberts |
| 399 | White |
| 401 | Bosley |
| 402 | Maradiaga |
| 406 | Dobaly |
| 409 | Delaroderie |
| 413 | Conway |
| 418 | Kurtz |
| 456 | Cosse |
| 465 | Elliot |
| 468 | Davis |
| 472 | Carotenuti |

### I.C.5. Travel and Work

Several submissions involve Plaintiffs who offered travel and work as an excuse for their noncompliance.  These excuses included being frequently out of the country and long work hours.  Such obligations could have been communicated with counsel and demonstrate a lack of diligence in any event.  Therefore, the Court **DISMISSES WITH PREJUDICE** the following Plaintiffs' claims:

| ECF No. | Last Name |
|---------|-----------|
| 346 | Alvarez |
| 387 | Rendon |
| 393 | Martinez |
| 483 | Everling |
| 495 | Adams |

### I.C.6. Miscommunication or Misunderstanding

In several submissions, Plaintiffs offered miscommunication or misunderstanding with counsel as an excuse for their noncompliance.  These excuses included misunderstandings of the deadlines, case obligations, and case status.  It is incumbent on Plaintiffs to understand their case obligations and for counsel to work with their clients to prevent or minimize misunderstandings.  Such miscommunication or misunderstanding does not excuse a lack of diligence.  Therefore, the Court **DISMISSES WITH PREJUDICE** the following Plaintiffs' claims:

| ECF No. | Last Name |
|---------|-----------|
| 351 | Stafilarakis |
| 356 | Bolin |
| 360 | Jesus |
| 362 | Watson |
| 365 | Kennedy |
| 367 | Walter |
| 372 | Workman |
| 376 | Snyder |
| 377 | Turner |
| 380 | Hyers |
| 384 | Brizendine |
| 385 | Rafaleowski |
| 396 | Marian |
| 405 | Rodriguez |
| 407 | Robinette |
| 408 | Grimes |
| 410 | Allen |
| 412 | McCollum |
| 415 | Smith |
| 416 | Walker |
| 419 | Honan |

| 422 | Stollerman |
|-----|------------|
| 424 | Davis |
| 425 | Sainplice |
| 427 | Gaddis |
| 428 | Reinartz |
| 429 | Ditraglia |
| 431 | Burkhardt |
| 459 | Lloyd |
| 460 | Bruce |
| 461 | Gordon |
| 462 | Sprow |
| 464 | Bailey |
| 480 | Gary-Ballard |
| 485 | Nash |
| 486 | Cruz |
| 491 | Daniels |
| 493 | Dickson |
| 499 | Channell |
| 500 | Simcox |
| 525 | Nonken |

### I.C.7. Relocation, Poverty, and Homelessness

Several Plaintiffs offered poverty and homelessness as an excuse for their noncompliance. These excuses included having to move to a new address and not being able to afford a phone. In any event, the deficiencies were cured in several cases. Such issues may have interfered with a plaintiff's ability to act with reasonable diligence. Therefore, the Court determines that the following Plaintiffs have demonstrated good cause and their claims survive:

| ECF No. | Last Name |
|---------|-----------|
| 369 | Weigeand |
| 411 | Robinson |
| 449 | Rodriguez Ramos |

### I.C.8. Dual Representation

Some submissions involve Plaintiffs who were represented by two law firms in a joinder complaint and Schedule A, for example, which resulted in a misunderstanding regarding obligations. In some of these cases, the dual representation has since been resolved and the deficiencies were cured, while counsel has represented that others will be shortly. Such issues may have interfered with a plaintiff's ability to act with reasonable diligence. Therefore, the Court determines that the following Plaintiffs have demonstrated good cause and their claims survive:

| ECF No. | Last Name |
|---------|-----------|
| 453 | Koontz |

| 455 | Clinton |
|---|---|
| 463 | Specht |
| 473 | Riggs |
| 474 | MacNaughton |
| 501 | Alonso |
| 501 | Hester |

### I.D.    Remaining Claim

That leaves one Plaintiff from Schedule A.  Shawn Beaulieu was an RCP Plaintiff that passed away during the course of this litigation.  Counsel is attempting to locate and contact heirs to ensure proper substitution under Rule 25.  Defendants do not object to a good cause determination, but request that the Court order a replacement for Mr. Beaulieu for the RCP but keep him as a Schedule A Plaintiff until his heirs are contacted.  Under the circumstances, and to preserve his claims without disruption to the litigation, the Court determines that the claims of the Beaulieu estate will remain on Schedule A until the plaintiff's heirs are contacted and **ORDERS** a replacement for Mr. Beaulieu for the RCP.

| ECF No. | Last Name |
|---|---|
| 436 | Beaulieu |

## II.      Schedule A and Individually Filed Cases

Some Plaintiffs filed multiple submissions because they were represented by different firms on Schedule A and in individually filed cases.  Counsel for these Plaintiffs have represented that this dual representation has since been resolved.

### II.A.   Cervenka-Miller

In the case of Plaintiff Holly Cervenka-Miller, counsel resolved the multiple filings and represented that she will proceed with her individual filing.  Plaintiff's counsel does not object to her removal from Schedule A for her failure to comply but asks the Court to allow her individually filed complaint to proceed.  However, Ms. Cervenka-Miller remained unresponsive to her counsel's attempts to communicate and arrange for completion of the census documents through September 24, 2025, the date of her submission.  Such a lack of communication with counsel demonstrates a lack of diligence.  Therefore, the Court **DISMISSES WITH PREJUDICE** Plaintiff Cervanka-Miller's claims from Schedule A and in her individually filed case:

| ECF No. | Individual Case No. | Last Name |
|---------|---------------------|-----------|
| 358/442 | 1:25-sf-65979 | Cervenka-Miller |

### II.B.   Kaufman

In the case of Plaintiff Joshua Kaufman, Crosslink listed a different firm for Mr. Kaufman, which delayed the time to prepare and file documents.  This issue has since been remedied and Plaintiff is now in compliance.  Such issues may have

prevented Mr. Kaufman from timely compliance.  Therefore, the Court determines that Plaintiff Kaufman's claims survive:

| ECF No. | Individual Case No. | Last Name |
|---------|---------------------|-----------|
| 466/467 | 1:24-sf-65040 | Kaufman |

## III.    Individually Filed Cases

Plaintiffs with individually filed cases filed the following submissions.

### III.A. Price

Defendants do not object to a good cause determination for Plaintiff Britni Price.  Based on its review of the record, the Court agrees and determines that her claims survive:

| Individual Case No. | Last Name |
|---------------------|-----------|
| 1:24-sf-65311 | Price |

### III.B. Lambert

To show good cause, Plaintiff Samuel Lambert points to significant personal demands and late work shifts.  But work obligations do not, without more, excuse a lack of diligence.  Further, counsel has yet to comply with his obligations under the Court's Orders as of the time of the filing.  Therefore, the Court **DISMISSES WITH PREJUDICE** Plaintiff Lambert's claims:

| Individual Case No. | Last Name |
|---------------------|-----------|
| 1:24-sf-65326 | Lambert |

### III.C. Teeple

Plaintiff Christina Teeple claims that she lacked an appreciation for or understanding of her obligations as an excuse for her noncompliance. But misunderstanding of obligations does not demonstrate diligence. Therefore, the Court **DISMISSES WITH PREJUDICE** her claims:

| Individual Case No. | Last Name |
|---|---|
| 1:24-sf-65471 | Teeple |

### III.D. Crain

Plaintiff Serena Crain offers no specific circumstances for her lack of compliance. But she has the burden to demonstrate good cause, and she has not done so. Therefore, the Court **DISMISSES WITH PREJUDICE** her claims:

| Individual Case No. | Last Name |
|---|---|
| 1:24-sf-65581 | Crain |

### CONCLUSION

The Court **DIRECTS** counsel to submit an updated list of Plaintiffs in the Record Collection Pool and to make the appropriate adjustments to Schedule A before the next status conference. The Court will docket appropriate judgments in the individually filed cases.

**SO ORDERED.**

Dated:  October 9, 2025

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio