**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE SUBOXONE ) | Case No. 1:24-md-3092 |
| (BUPRENORPHINE/NALOXONE) ) | |
| FILM PRODUCTS LIABILITY ) | MDL No. 3092 |
| LITIGATION ) | |
| ) | Judge J. Philip Calabrese |
| This Document Applies to All Cases ) | |
| ) | |

**AMENDED ORDER TO SHOW CAUSE**

On February 13, 2025, this Court entered Case Management Order No. 13—Collection of Records.  (ECF No. 194.)  Pursuant to Section IV.C. of that Order, upon receipt of an executed medical authorization and copy of the Order from requesting counsel, an Entity must produce such records to requesting counsel or its designee listed in the authorization within 30 days—which is more than two weeks *longer* than the time for compliance typically provided under Rule 45 of the Federal Rules of Civil Procedure.  Further, pursuant to Section V of that Order, failure to comply with any of the terms of the Order will result in an Order to Show Cause why the Entity should not be held in contempt or subjected to sanctions under Rule 37(b)(2)(A) for failure to comply with a discovery order.  Since entry of Case Management Order No. 13, the parties in this MDL have used this procedure to collect thousands of pages of medical records from hundreds (or more) providers around the country, largely without incident and without the need for the Court's direct oversight and involvement in that process.

In two filings on October 6, 2025, the Plaintiffs' Leadership Committee ("PLC") informed the Court that certain Entities failed to comply with requests for medical, dental, and/or pharmacy records by counsel in this litigation that were submitted in compliance with Case Management Order No. 13.  (ECF No. 517; ECF No. 518.) Further, on October 10, 2025, Defendants informed the Court that certain Entities failed to comply with requests for these records by counsel in this litigation that were submitted in compliance with Case Management Order No. 13.  (ECF No. 528.) Specifically, they are in non-compliance with the Court's Order by failing to provide records within thirty (30) days to requesting counsel for the Plaintiffs listed on Exhibit A (attached to this Order to Show Cause), even though requesting counsel provided them with executed medical authorizations and copies of Case Management Order No. 13.

The PLC and Defendants submitted to the Court the list of Plaintiffs for which the non-compliant Entities have failed to provide such records after receiving executed medical authorizations and requests for medical, dental, and/or pharmacy records from requesting counsel.  *See* **Exhibit A**.  The PLC and Defendants informed the Court of their attempts to obtain these records.

Under Rule 45(c)(2)(A), "[a] subpoena may command . . . production of documents . . . at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(2)(A).  "As provided in Rule 45, a nonparty may be compelled to produce documents."  Fed. R. Civ. P. 34(c). "A judge presiding over an MDL case . . . can compel production by an extra-district

2

nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district non-party deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted." *United States ex. rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 444 F.3d 462, 469 (6th Cir. 2006); *see also* 28 U.S.C. § 1407(b). "[A] nonparty that refuses to comply with [a discovery order] is thereby in contempt of and subject to sanctions by the court that issued the order." *Pogue*, 444 F.3d at 468. A failure of non-parties to respond to a court's order compelling compliance with subpoenas after being ordered to do so "constitutes disobedience of a lawful court order and thus contempt." *Euclid Chemica Co. v. Warel*, No. 1:11-cv-135, 2013 WL 6632436, at *3 (S.D. Ohio Dec. 17, 2023).

The PLC and Defendants have moved for an Order to Show Cause for the non-compliant Entities listed on Exhibit A. (ECF No. 517; ECF No. 518; ECF No. 528.) Upon consideration of the motions, and the record as a whole, and pursuant to the Court's authority to direct and control the coordinated discovery in this multi-district litigation under 28 U.S.C. § 1407, Rules 16, 26(b), 34, and 45 of the Federal Rules of Civil Procedure, and the Court's inherent authority, the Court **ORDERS** these Entities to Show Cause why each should not be held in contempt or subjected to other or additional sanctions under Rule 37(b)(2)(A) for failure to comply with Case Management Order No. 13 by not providing the requested records within thirty (30) days to requesting counsel for the Plaintiffs listed on **Exhibit A**.

Further, the Court **SCHEDULES** a show-cause hearing for October 30, 2025 at 11:00 a.m. eastern in Courtroom 16B, Carl B. Stokes U.S. Courthouse, 801 West

Superior Avenue, Cleveland, Ohio and **ORDERS** the custodian or another representative of each Entity with knowledge of its responses to the requests for records relating to the Plaintiffs listed on **Exhibit A** to appear, to explain their failure to comply with Case Management Order No. 13, and to identify the steps being taken to provide the records requested expeditiously.

The Court **ORDERS** requesting counsel to serve this Order to Show Cause on the representatives of each Entity with whom he or she has been dealing and to certify its service. If the records are provided in advance of the date of the hearing, the Court will withdraw this Order to Show Cause. If any provider fails to provide the relevant records by the date of the hearing and fails to appear at the hearing, the Court will entertain a motion for contempt pursuant to Rule 45(g).

**SO ORDERED.**

Dated: October 17, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio