UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE/NALOXONE) FILM PRODUCTS LIABILITY LITIGATION<br><br>This Document Applies to All Cases | ) ) ) ) ) ) ) ) | Case No. 1:24-md-3092<br><br>MDL No. 3092<br><br>Judge J. Philip Calabrese |

**OPINION AND ORDER**

Defendants move to redact certain limited portions of the transcript of the hearing held on December 2, 2025. During that hearing, the discussion of certain discovery issues referenced various documents produced under the protective order in this case. (*See* Case Management Order No. 5, ECF No. 84.) Notwithstanding production pursuant to the protective order, filing a document under seal or with redactions must still comply with the legal requirements for restricting public access to material that is presumptively a public record. That is, production under an umbrella protective order facilitates discovery conducted under the auspices of the Court, but largely out of view of the public, but production under a protective order, without more, does not suffice to justify sealing.

**LEGAL STANDARD**

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Federal Home Loan Mortg. Co.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). But in the sealing context, "the district court's decision is not accorded

the deference that standard normally brings." *Id.* To avoid abusing its discretion, the Sixth Circuit requires a district court faced with a motion to seal to "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

The Court bears an independent obligation to explain the basis for sealing court records, and that obligation exists regardless of any agreement or disagreement among the parties about sealing the records. *See Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016). Taking up this independent obligation, district courts must weigh, on the one hand, the interest of the parties to keep information confidential, and, on the other, the public's strong interest in "obtaining the information contained in the court record." *Shane Grp.*, 825 F.3d at 305 (citation and quotation omitted).

"The courts have long recognized . . . 'a strong presumption in favor of openness' to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 701 F.2d at 1179). Overcoming this burden is "a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The greater the public interest, the greater the burden to justify seal. *See id.* In civil litigation, the most common categories of information that meet this standard include "trade secrets, information covered by a recognized privilege (such as attorney-client

2

privilege), and information required by statute to remain in confidence (such as the name of a minor victim of a sexual assault)." *Id.* at 308.

To demonstrate that sealing is necessary, the party seeking confidentiality must "analyze, in detail, document by document, the propriety of secrecy, providing reasons and legal citations" that support seal. *Id.* at 305–06 (citation and quotation omitted). Therefore, it is incumbent on the Court to review each document and the legal rationales that the parties offer, and to "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176).

## DISCUSSION

With these principles in mind, the Court turns to the portions of the transcript at issue and the parties' respective views on the redactions that Defendants seek. The Court **ORDERS** the following portions of the transcript to be redacted as reflected on Exhibit B to Defendants' motion:

> Page 16:2 (from the sentence beginning "The")–6;
>
> Page 43:14–17;
>
> Pages 43:25–44:5;
>
> Pages 44:7–13; and
>
> Pages 44:20–45:5.

With respect to any argument about proper substantiation of these redactions, the Court finds that the basis for each requested redaction, on the limited record presented, was self-evident such that it is able to make the findings that the Sixth

3

Circuit requires. These requested redactions involve confidential business records, trade secrets, and other matters that the companies typically take efforts to protect against public disclosure. Going forward, the basis for requested redactions will likely not be apparent without proper citation or other explanation as discovery proceeds and the complexity of the case and the issues requiring resolution advance.

The Court finds that the following requested redactions refer to public information such that no redaction is necessary or appropriate:

>Page 15:25;

>Page 16:1–2 (through the end of the sentence);

>Page 16:14–15.

**SO ORDERED.**

Dated: January 7, 2026

>J. Philip Calabrese
>United States District Judge
>Northern District of Ohio