**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE SUBOXONE ) <br> (BUPRENORPHINE/NALOXONE) ) <br> FILM PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) <br> This Document Applies to All Cases ) <br> ) | Case No. 1:24-md-3092 <br><br> MDL No. 3092 <br><br> Judge J. Philip Calabrese |

**OPINION AND ORDER**

On November 25, 2025, the PLC challenged the confidentiality designations of 1,455 documents. After several meet-and-confer sessions, the PLC withdrew some of its challenges, and Defendants de-designated some documents, narrowing the dispute to 276 documents. On January 16, 2026, Defendants and the PLC submitted their respective positions regarding these 276 documents, which fall into two categories (though they describe these categories somewhat differently): Category A (consisting of 25 documents), and Category B (251 documents). Defendants submitted all 25 documents in Category A and an exemplar document from Category B for *in camera* review. At the January 21, 2026 status conference, the parties argued their respective positions on the issue.

**LEGAL STANDARD**

At this stage of the proceedings, no party seeks to use these documents in connection with a motion or other litigation document. That is, at least for now, no party seeks to file these discovery documents under seal or otherwise use them to

secure court action on an issue. Accordingly, the protective order in this case provides the governing standard for resolution of this dispute.

In relevant part, Case Management Order No. 5 (the protective order) defines "Confidential Information" as "research, design, development, financial, technical, marketing, planning, regulatory, manufacturing, or commercial information that the Designating Party has maintained as confidential[.]" (ECF No. 84, ¶ B.10.b., PageID #858.) It also includes trade secrets, except for certain more sensitive specified trade secrets that constitute "Highly Confidential Information." (*Id.*, ¶ B.10.c.) When designating material as confidential, the producing party must act good faith and bears the burden of establishing that information is properly designated. (*Id.*, ¶ C.1. & I, PageID #861 & #866.)

## DISCUSSION

Based on its *in camera* review of the documents at issue and the parties' arguments and submissions, the Court determines that, at this stage of the proceedings, the 276 documents are confidential as defined in Case Management Order No. 5. (*See* ECF No. 84, § B.10, PageID #858–59.) Paragraph B.10.b. of Case Management Order No. 5 sweeps broadly. While it does not encompass every document, it reaches the type of information at issue in these documents, which (at least indirectly) include information falling within the types of documents this paragraph reaches. The 25 documents in Category A reflect Indivior's analysis and business practices on various topics, which it maintains as confidential, and those in Category B reflect internal analysis of whether certain articles contain information

2

of valid adverse events. However, should any of these documents become decisional, meaning a document is relevant to a ruling on summary judgment or under Rule 702, for example, more than a showing under Case Management Order No. 5 will be required to justify confidentiality.

## CONCLUSION

For the foregoing reasons, the Court determines that these 276 documents, at this stage of the proceedings, are properly designated as confidential. In reaching this determination, the Court takes no view on whether any of these documents would meet the standard under *Shane Group Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016), and the law of this Circuit for sealing.

**SO ORDERED.**

Dated: February 10, 2026

　　　　　　　　　　　　　　　　　　　　　　
J. Philip Calabrese
United States District Judge
Northern District of Ohio