**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE SUBOXONE (BUPRENORPHINE/NALOXONE) FILM PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | Case No. 1:24-md-3092 MDL No. 3092 |
| This Document Relates to All Cases | ) ) ) | Judge J. Philip Calabrese |

**SECOND AMENDED CASE MANAGEMENT ORDER NO. 15**
**BELLWETHER PROTOCOL**

This Second Amended Case Management Order No. 15 updates the Bellwether Protocol by adding specific dates to certain of the deadlines as indicated below and in Exhibit A.

**I.      Scope of Order**

To further the effective and efficient management of this complex litigation, this Case Management Order will govern the selection of Plaintiffs for the Records Collection Pool, Core Discovery Pool, and Trial Selection Pool.

**I.A.     Platform for Exchange of Plaintiffs' Data**

As with the Census Protocol (Case Management Order No. 12 (ECF No. 158)), the parties shall use the Rubris Crosslink system for the exchange of Plaintiff-specific discovery and for the case-specific discovery Defendants provided for in this Order.

**I.B.     Establishing a Crosslink Account**

Each Plaintiff's counsel and Defendants' counsel was required to establish a Crosslink account as part of the Census process. *See* Census Protocol, Case Management Order No. 12 (ECF No. 158), for instructions on establishing an account.

### I.C.    Rubris to Maintain Secure Database

Rubris shall continue to maintain a secure, confidential, and searchable database available to the PLC and Defense Counsel for all records that a Plaintiff's counsel serves on Defense Counsel and all records that Defendants upload to Crosslink.  Non-PLC firms will have access only to their own clients' information. How each Party accesses or uses the data and the database shall be strictly confidential and not be disclosed in any manner by Rubris. All documents and information uploaded to the Crosslink database shall be deemed "Confidential" and subject to Case Management Order No. 5 (ECF No. 84) regardless of the presence or absence of any formal confidentiality designation.

## II.    Identification of "Record Collection Pool"

By prior Order (ECF No. 207), 500 Plaintiffs were randomly identified through a computer-generated application for purposes of providing executed authorizations for collection of certain medical records (the "Record Collection Pool") defined below. The Record Collection Pool was identified in a prior Order (ECF No. 217) and consists of Plaintiffs subject to Case Management Order No. 12 (ECF No. 158) who filed cases on or before October 7, 2024.  Specifically, it is made up of 100 individually filed cases and 400 cases from Schedule A, all randomly selected.  It does not include Plaintiffs appearing *pro se* at the time of the selection.

### II.A.   Voluntary Dismissal of Plaintiffs in the Record Collection Pool

#### II.A.1. Dismissal Without Prejudice

A Plaintiff with a filed case may remove his or her case from the Record Collection Pool by dismissing his or her filed case without prejudice under Rule 41 by May 19, 2025.  Schedule A Plaintiffs may remove their respective cases from the Record Collection Pool by completing the "Remove from Schedule A with Plaintiff's Consent" task in Crosslink by May 19, 2025.

#### II.A.2. Dismissal With Prejudice

After May 19, 2025, a filed or Schedule A Record Collection Pool case (identified in ECF No. 217) shall be dismissed with prejudice unless there is a showing of good cause.

### II.B.   Replacement

The dismissal or removal of any Plaintiff under these provisions requires replacement of that Plaintiff in the Record Collection Pool by May 27, 2025.  The replacement Plaintiff will come from the same source (individually filed or Schedule A) from which the dismissed Plaintiff originated.  The parties will submit an agreed order identifying any replacement Plaintiffs ("Replacement Order").  Deadlines for replacement Plaintiffs will be triggered by the date they appeared on the Replacement Order (meaning those Plaintiffs will have 30 days from being placed in the Record Collection Pool to dismiss their cases or consent to removal from Schedule A).  Any replacement Plaintiffs who dismiss/remove their cases will be

replaced in the Records Collection Pool at least one additional time pursuant to the same procedure above absent agreement of the parties or Order of the Court.

## III.    Records Collection Process

### III.A. Accelerated Deadline to Execute Authorizations

Within 60 days of the Court's entry of the Order identifying the 500 Plaintiffs in the Record Collection Pool (ECF No. 217), by June 17, 2025, counsel for those Plaintiffs shall serve via Rubris Crosslink the executed authorizations listed in Section VII.C of the Census Form attached to Case Management Order No. 12. (ECF No. 158-1, PageID #4046.)  For Plaintiffs who appear on a Replacement Order, the deadline will be 60 days from the date of the Court's entry of the Replacement Order. These authorizations shall be limited to the healthcare providers listed in Case Management Order No. 12, ¶ VI.A:  (1) healthcare provider(s) who prescribed Suboxone Film; (2) who treated plaintiff for the claimed injuries; and (3) pharmacies or MAT clinics where plaintiff picked up Suboxone film.  (ECF No. 158-1, PageID #4046.)

Plaintiffs identified for the Record Collection Pool remain subject to the August 1, 2025 deadline for service of all other documents required by Case Management Order No. 12.  To the extent that a Replacement Order puts a Plaintiff's deadline to serve executed authorizations after the Census Deadline of August 1, 2025, the earlier deadline controls.

4

**III.B. Records Collection by Defendants to Begin Immediately**

Within seven days of receiving an executed authorization from a Record Collection Pool Plaintiff (including through that Plaintiff completing the Census), Defendants will either (1) submit the executed authorization to the Plaintiff's identified providers or (2) serve a deficiency notice to address any technical defect appearing on the face of the authorization.

**III.B.1. Material and Ministerial Deficiencies**

Material technical deficiencies include issues that are likely to result in the provider rejecting the authorization.  For example, material deficiencies include omitting the Plaintiff's name, date of birth, social security number, or signature on an authorization.

Ministerial deficiencies, such as a typographical error in a provider's name or address, are not material and will not result in a Deficiency Notice from Defendants unless the ministerial deficiency results in the rejection of the authorization. Additionally, if a provider rejects an executed authorization that Defendants sent with Case Management Order No. 13, Defendants will advise the Plaintiff's counsel by email and work cooperatively to the address the issues(s) that prompted the provider's rejection.

For any deficiency notification regarding a material technical deficiency,  the parties will follow the deficiency process in  Case Management Order No. 12 (ECF No. 158) as amended by this Order.

### III.B.2. Transmission of CMO No.13 with Authorizations

When submitting authorizations to providers, Defendants shall enclose a copy of Case Management Order No. 13 (ECF No. 194).

### III.B.3. Uploading Records from Plaintiffs' Providers

Within seven days of receiving records from a Plaintiff's provider, Defendants or their vendor will upload the records to Crosslink, which will notify the Plaintiff's counsel that the records have been uploaded.

### III.C. Reports on Record Collection

Defendants will report to the Court with the agenda for each case management conference on the progress toward completing records collection, including the number of requests sent, the number of Plaintiffs for whom records collection is complete, and the number of Plaintiffs to whom their records have been produced via Crosslink.  Defendants will also advise the Court in each report of any healthcare providers that have not complied with Case Management Order No. 13 in responding to records requests.

### III.D. Substantial Completion of Record Collection Pool Phase

The Record Collection Phase will be deemed substantially complete when Defendants have completed records collection for 85% (425) of the Plaintiffs in the Records Collection Pool, or fewer upon agreement of the parties.

"Substantially completing" records collection will not mean that each and every record contemplated by the approved authorizations has been secured; rather, "substantially completed" records collection contemplates that all records have been

6

requested and the available records have been provided.  If, for example, a provider no longer retains the requested records consistent with its records-retention policy and applicable law, that will not impact whether records collection is "substantially complete," because a provider cannot produce records it does not have.  Similarly, if a provider is no longer in business, the inability to obtain records from that provider will not render records collection incomplete for that Plaintiff.  "Substantially completing" records collection will mean that best efforts have been used to secure available records including, in the case where the provider is not the custodian of such records, from the present custodian(s) of such records.  A Plaintiff will not be prejudiced by having their records collection deemed incomplete because certain records are not available due to the passage of time or other facts beyond the Plaintiff's control.

The parties will jointly advise the Court when the 85% threshold is met. Within 30 days of satisfying the threshold, the parties will supply the Court with a proposed schedule governing completion of Core Discovery, Trial Pool, and corporate discovery.  Exhibit A to this Case Management Order sets forth the schedule governing the pretrial proceedings for in the bellwether protocol.  In the event of any discrepancy between the dates or time periods listed or described in the body of this Case Management Order and those set forth on Exhibit A, the latter shall control.

## IV.     Determination of Plaintiffs in the Core Discovery Pool

The following procedure shall be followed upon providing the Court with the proposed schedule set forth in Section III.D, above.

7

### IV.A.  Eligible Cases

From the Record Collection Pool cases, 100 will be randomly selected for potential inclusion in the Core Discovery Pool using the same process provided in Paragraph II, without regard to whether the Plaintiff's case was individually filed or included on Schedule A.  Plaintiffs for whom Defendants have substantially completed records collection of the providers listed in Case Management Order No. 12, ¶ VI.A are eligible for random selection for potential inclusion in the Core Discovery Pool.

### IV.B.  Negotiation of Plaintiff and Defendant Fact Sheet

The parties will negotiate Plaintiff Fact Sheets ("PFS") and Defense Fact Sheets ("DFS") for use in the Core Discovery Pool.  Any disputes regarding the contents of either the PFS or DFS will be submitted to the Court for determination.

### IV.C.  Documents from Plaintiffs

By April 20, 2026, (60 days after entry of the Order identifying the 100 Plaintiffs for inclusion in the Core Discovery Pool), each of those Plaintiffs will provide the following via the Rubris Crosslink system:

### IV.C.1. Plaintiff Fact Sheet and Authorizations

Each Core Discovery Plaintiff shall complete the PFS and provide executed copies of the authorizations appended to the PFS as applicable to that Plaintiff's claims.

### IV.C.2. Medical and Dental records

Each Core Discovery Plaintiff shall upload copies or electronic files of all medical and dental records in his or her possession, custody, or control, including any

8

such records in the Plaintiff's counsel's possession, regarding the claims and/or alleged injuries in this case.

### IV.D.  Documents Provided to Plaintiffs

By May 20, 2026 (90 days after entry of the Order identifying the 100 Plaintiffs for inclusion in the Core Discovery Pool), Defendants will provide the following via the Rubris Crosslink system:

### IV.D.1. Defendant Fact Sheet

Defendants shall complete the DFS.

### IV.D.2. Records Pertaining to the Plaintiff

Each Defendant shall upload to Crosslink all records in a Defendant's possession, custody, or control referring to that Plaintiff and/or that Plaintiff's prescribing provider(s), and any other documents provided for in the DFS.

### IV.E  Deficiency Process for PFSs and DFSs

For a PFS or DFS to be considered complete, the responding party must provide reasonable responses to all fields in the form and must include all requested documents and executed authorizations (if applicable).  Each party and his, her, or its counsel must undertake reasonable efforts to ascertain the requested information.  To the extent a party does not recall and/or is unable to locate the requested information following a reasonable search, the party should respond "unable to locate" and/or "do not recall" in that field.  To the extent that a field does not apply to a particular party, the party should include "N/A" in that field.  The information contained in and served

9

with the PFS and DFS shall be treated as Confidential under the Protective Order entered in this MDL, Case Management Order No. 5, ECF No. 84).

In the event a party asserts that a PFS or DFS is incomplete or inadequate, the receiving party's counsel may serve a deficiency notice specifying the claimed deficiencies to the responding party's counsel. Such deficiencies may include but are not limited to issues related to executed authorizations and the completeness of records provided. Service of a deficiency notice shall be accomplished via Crosslink within 30 days of receipt of the PFS/DFS and/or accompanying materials claimed to be deficient. If a party supplements its PFS or DFS, authorization, or records required to be produced, the 30-day period shall restart as to the supplemented portion(s) but will not restart as to portions unchanged from prior submissions, unless supplemental information makes information previously provided deficient.

The responding party shall have 30 days from the date of the notice to correct the deficiency. If the receiving party asserts that the deficiency at issue is not corrected by this time, its counsel shall request a meet and confer, which must take place within 14 days from the date the request is made. Any disputes not resolved after meeting and conferring may be placed on the agenda for the next conference with the Court. To the extent a party experiences difficulty securing records from a provider, the party will bring the issue to the Court's attention for assistance. For a Plaintiff, his or her counsel should promptly notify Plaintiffs' Liaison Counsel. For a Defendant, its counsel should include the issue within the agenda for the next status conference.

10

*Counsel for all parties shall exercise good faith in all aspects of this deficiency process and must act with diligence to meet the deadlines in this Order.*

### IV.F.  Identification of Core Discovery Pool

Following the exchange of Plaintiff Fact Sheets and Defense Facts Sheets and related records for the 100 Plaintiffs randomly selected, 50 cases will be selected as the Core Discovery Pool, and the remaining cases will be the Alternate Core Discovery Pool.  In advance of the selections, the parties will meet and confer to agree on the list of cases eligible for inclusion and submit the list to the Court for entry as the Core Discovery Pool.

### IV.F.1. Random Selections (20 Cases)

On the Selection Day, June 10, 2026, the Parties shall employ a computer-generated application to randomly select 20 Plaintiffs who have completed the PFS for inclusion in the Core Discovery Pool.  Within one week from that random generation, Defendants' counsel will advise Plaintiffs' Co-Lead Counsel if Defendants dispute whether any of those random selections have provided product identification. Within one week thereafter, by June 17, 2026, Plaintiffs' Co-Lead Counsel shall confirm with Defendants' counsel the random pick's availability for case-specific discovery and trial.  In the event a random pick is unavailable, the parties shall meet and confer regarding the circumstances and may, if appropriate, seek to have a replacement pick identified from the list of eligible cases referenced in Paragraph IV.A.

11

### IV.F.2. Plaintiffs' and Defendants' Selections (15 Cases Each)

On June 24, 2026 (seven days following completion of the random selections described in Paragraph IV.F.1), Plaintiffs' Co-Lead Counsel shall provide Defendants' Counsel with the 15 Core Discovery Cases selected by the Plaintiffs' Co-Lead Counsel. Simultaneously, Defendants' counsel shall provide Plaintiffs' Co-Lead Counsel with the 15 Core Discovery Cases selected by Defendants. The exchange of selections will occur on the seventh day following completion of random selections described in Paragraph IV.F.1 by email at 3:00 p.m. EST. To the extent that the parties select the same case for Core Discovery, a coin flip will determine which party gets to select the replacement of that case. By July 1, 2026 (within one week of Defendants identifying a Plaintiff as a Core Discovery Plaintiff), Plaintiffs' Co-Lead counsel shall confirm with Defendants' counsel if the defense pick is available for case-specific discovery and trial. In the event a defense pick is unavailable, Defendants may at their discretion select a replacement from the list of eligible cases referenced in Paragraph IV.A.

### IV.F.3. Selection Order for Core Discovery Pool

By July 2, 2026 (within five days of finalizing Plaintiffs' and Defendants' selections), the Parties shall supply the Court with a Stipulation and proposed Selection Order listing (1) the 20 random selections; (2) the 15 cases selected by Plaintiffs' Co-Lead Counsel; and (3) the 15 cases selected by Defendants. Those 50 cases will form the Core Discovery Pool. The remaining cases identified pursuant to

Paragraph IV.A. that are not selected for the Core Discovery Pool will form the Alternate Core Discovery Pool.

### IV.G. Authorizations to be Provided by Core Discovery Plaintiffs

Within 60 days of the Court's entry of the Order identifying the 100 Plaintiffs potentially in the Core Discovery Pool, counsel for those 100 Plaintiffs shall serve via Rubris Crosslink executed authorizations as attached to the finalized PFS as applicable. The authorizations for medical providers will be in the form attached to CMO No. 12 or CMO No. 13, and shall include, from five years before Plaintiff's first use of Suboxone Film, the following:

#### Census/RCP Authorizations

(1)     healthcare provider(s) who prescribed to Plaintiff Suboxone Film;

(2)     dental professional(s) who treated Plaintiff for the claimed injuries; and

(3)     pharmacies or MAT clinics where Plaintiff picked up Suboxone film.

To the extent that a Plaintiff did not previously provide an authorization for one of the providers listed in (1)–(3) above pursuant to the Census Protocol (CMO No. 12) or the Bellwether Protocol–Record Collection Pool (CMO No. 15), Plaintiff will provide one per this paragraph. *A Plaintiff is not required to provide a duplicate authorization for any provider previously served per CMO No. 12 or CMO No. 15.*

#### Additional Authorizations for Core Discovery Plaintiffs

(4)     other healthcare providers who diagnosed or treated plaintiff for opioid use including counseling for opioid use disorder;

13

(5)    healthcare providers who diagnosed or treated plaintiff for any medical condition from the types of healthcare providers listed below (including any psychiatric or psychological conditions if related to their opioid use disorder);

(6)    healthcare providers who treated plaintiff for any dental condition or injury, other than the claimed injuries; and

(7)    to the extent not provided above, pharmacies that dispensed opioids to plaintiff.

For purposes of this paragraph, "healthcare providers" means primary care physicians, internists, family medicine practitioners, addiction specialists, psychologists, psychiatrists, counseling professionals, dietary specialists, urgent care, emergency care, dentists, oral surgeons, endodontists, orthodontists, periodontists, prosthodontists, oral pathologists, oral radiologists, pediatric dentists, dental anesthesiologists, oral medicine dentist, orofacial pain dentist, ENTs, or oral surgeons, but excluding maternity records.

Other than the additional authorizations that may be required in the Plaintiff Fact Sheet, a Defendant may request that a Core Discovery Plaintiff complete additional authorizations for good cause shown.  If a Defendant believes that an additional authorization is necessary, counsel for that Defendant shall send a written request to the Plaintiff's counsel and meet and confer as necessary, with any disputes to be determined by the Court.  Under no circumstances will a Defendant employ the deficiency process to request an authorization not required to be executed by this paragraph.

### IV.H. Dismissal of Selected Cases

A Plaintiff identified for potential inclusion in the Core Discovery Pool may presumptively dismiss their case with prejudice at any time under Rule 41.  Each

party shall bear its own costs following a dismissal with prejudice. A Plaintiff effectuating dismissal will be replaced with a Plaintiff from the Alternate Core Discovery Pool and, if possible, selected from the same source as the dismissed Plaintiff (*i.e.*, from the individually filed cases or Schedule A). The parties shall generate or select any such replacement(s) in the Core Discovery Pool and/or with the Core Discovery Plaintiffs within five days following the dismissal of any Core Discovery Plaintiff. Alternate Core Discovery Pool Plaintiffs who opt to dismiss their cases with prejudice will not be replaced.

## V. Depositions in Core Discovery Cases

Core depositions shall be limited to the depositions of the Plaintiff (which will occur first) and two medical providers of Defendants' choosing. Plaintiffs are entitled to take one sales representative related to the case and an additional medical provider of the Plaintiffs' choosing, if necessary. All Core Discovery Depositions are subject to the limitations in the following paragraphs.

The commencement and completion dates for Core Discovery will be set forth in the schedule contemplated in Paragraph III.D. *See* Exhibit A.

### V.A. Order of Questioning at Deposition

The order of questioning during depositions of healthcare providers will be as follows: (1) for Plaintiffs' picks, the Plaintiff questions first; (2) for defense picks, Defendants question first; and (3) for random picks, Plaintiff will notice the deposition in the first sequential case (by docket number or order of appearance on Schedule A), followed by Defendants in the second sequential case or order of

15

appearance on Schedule A, and then continuing to alternate. After the first deposition in a case is completed, additional depositions in that case do not need to be completed before depositions in subsequent cases and may proceed at the convenience of the parties and witnesses.

### V.B.  Attendance

Any attorney formally appearing in the MDL may appear at depositions for his or her individual bellwether cases.

### V.C.  In-Person and Remote Depositions

Depositions will be noticed in person, absent notice provided to the opposing party that it will be noticed as a remote deposition by agreement of the parties. If a deposition is noticed as a remote deposition, any party may attend a deposition in person (*i.e.*, where the witness is located) irrespective of whether the noticing party schedules it remotely.

### V.D.  Observing Depositions Remotely

The party noticing the deposition will make arrangements for remote attendance, including providing an electronic exhibit platform and a Zoom (or similar) link to view the deposition. The noticing party will pay for any charges associated with providing the remote-viewing option. All parties who attend a deposition remotely will be noted on the stenographic record by the court reporter and need not identify themselves for the record unless they are speaking on the record. All remote attendees are subject to Case Management Order No. 5 governing designation and handling of protected information.

### V.E.    Video Recording

By so indicating in its notice of deposition, a party, at its expense, may record a deposition by digitally recorded video under Rule 30(b)(3).  If the noticing party does not notice a video deposition, any other party may cross-notice the deposition as a video deposition and arrange for video-recording services.  Any deposition may be video recorded if properly noticed as such.  Unless specified in the notice of deposition, a remote deposition will not be recorded by video.

### V.F.    Suspending Video

The video-camera operation will be suspended during a deposition only upon stipulation by counsel.

### V.G.    Video Background

The background for any videotaped depositions will be of a plain dark color.

### V.H.    Time Limits

Depositions of Plaintiffs in Core Discovery shall be presumptively limited to four hours on the record among Defendants. If a Plaintiff's counsel conducts any redirect examination, Defendants counsel will be entitled to an equal amount of time for re-cross.  Depositions of healthcare providers shall be limited to four hours on the record with the time split equally between the Plaintiff and all Defendants (*i.e.*, two hours per side).  Additional time may be permitted by agreement of the Parties, or by leave of Court for good cause shown.

### V.I.  Deposition Locations

All depositions of Core Discovery Plaintiffs will be noticed within 15 miles of the Plaintiff's residence at a location suitable for taking a deposition, absent agreement of the parties.  In all instances, the party noticing the deposition will secure and bear the cost of the space to complete the deposition.

### V.J.  Scheduling Parameters

Upon request for deposition of a Plaintiff or, during trial workup as detailed below, immediate family members, Plaintiff's counsel shall, within 10 business days supply no less than two potential deposition dates from two separate weeks.

### V.K.  Scheduling Communications with Healthcare Facilities

Contact with any treating healthcare provider shall be governed by the law of the State in which the healthcare provider currently practices.  In all States, the party noticing the deposition may communicate directly with a healthcare provider's administrative staff for the limited purpose of scheduling the same.  Specifically, non-attorney staff for the party seeking to notice the deposition may contact Plaintiffs' healthcare facilities for the purpose of scheduling depositions.  The non-attorney staff for the noticing party will only engage in scheduling discussions with the healthcare provider's staff and will not attempt to speak to the provider directly.  Any non-attorney staff and/or defense attorney contacted by a Plaintiff's healthcare provider will not discuss the substance of the patient's treatment unless permitted by applicable State law.  To the extent any scheduling communications are in writing

18

and/or by electronic mail, counsel for the opposing party shall be copied on all such communications.

### V.L.   Securing Dates from Providers

The party intending to notice any provider's deposition will attempt to secure three potential dates on which the provider is available to conduct the deposition within the time permitted under the Court's schedule.  The non-noticing party will have three business days to object to the dates and/or times provided and may object only due to unavailability of the party's counsel.  If the non-noticing party is unavailable at the offered dates or times, then the noticing party will work in good faith to arrange alternate times mutually convenient to the parties and the witness.

## VI.   No Additional Case-Specific Discovery for Core Discovery Pool

Beyond the PFS, DFS, records, and depositions set forth in this Order, the parties shall not be entitled to any additional case-specific fact discovery in any of the Core Discovery Cases that are not selected for trial.  Nothing in this paragraph is intended to limit the general discovery conducted by the PLC on behalf of all Plaintiffs in the MDL per Case Management Order No. 2 and Case Management Order No. 8.

## VII.   Medical Records Acquired by Authorization in Core Discovery

If a Defendant secures records using an authorization provided by a Plaintiff, that Defendant shall upload via Crosslink copies or electronic files of all those Plaintiff's records that come into the Defendant's possession via the authorization. If a Plaintiff secures records using his or her authorization, copies or electronic files of those records shall be uploaded via Crosslink.  A Plaintiff will not be charged for any

records a Defendant elects to collect, and Defendants will not be charged for any records a Plaintiff elects to collect.

## VIII.  Selection of Trial Pool Cases

Upon completion of Core Discovery of the 50 Core Discovery Plaintiffs, 15 cases will be selected for completion of fact discovery for trial; these 15 cases will be referred to collectively as the Trial Pool.  These Trial Pool Cases will be selected as follows:

### VIII.A. Plaintiffs' and Defendants' Selections (5 Cases Each)

By January 29, 2027 (within 45 days after Core Discovery Pool depositions are complete), Plaintiffs' Co-Lead Counsel shall provide Defendants' Counsel with names of five Trial Pool Cases selected by the Plaintiffs' Co-Lead Counsel.  Simultaneously, Defendants' counsel shall provide Plaintiffs' Co-Lead Counsel with the names of five Trial Pool Cases selected by Defendants.  The exchange of selections will occur at 3:00 p.m. EST on the 45th day or the Monday following if the 45th day falls on a holiday or weekend.

In selecting their respective Trial Pool Cases, the Parties shall select cases that they have a good-faith belief are representative of the body of then-filed cases as a whole and that should be subject to discovery, motion practice under Rule 56 and/or Rule 702, and trial.

Within five days of selection as a Defendants' pick, Plaintiffs' Co-Lead Counsel shall confirm with Defendants' counsel the Defendants' pick's willingness to proceed with case-specific trial preparation, discovery, and trial.  The precise date will be set forth on the schedule contemplated below.  In the event a Defendants' pick is able to

20

show good cause not to proceed, the case will be removed from the Core Discovery Pool and remain on the docket, and a replacement pick from the Core Discovery Pool (not the Alternate Core Discovery Pool) will be identified by Defendants. A pick that is unwilling to proceed, or cannot make a showing of good cause, shall be dismissed with prejudice.

### VIII.B. Random Selection (5 Cases)

Within seven days of the Parties' simultaneous identification of their Trial Pool Case selections, the Parties shall employ a computer-generated application to randomly select five cases from the remaining Core Discovery Plaintiffs not already selected. Within five days of selection as a random pick, Plaintiffs' Co-Lead Counsel shall confirm with Defendants' counsel the random pick's willingness to proceed with case-specific trial preparation, discovery, dispositive motion practice, and trial. In the event a random pick is able to show good cause not to proceed, the case will be removed from the Core Discovery Pool and remain on the docket, and a replacement pick from the Core Discovery Pool will be randomly identified. A pick that is unwilling to proceed, or cannot make a showing of good cause, shall be dismissed with prejudice.

### VIII.C. Selection Order

Upon completion of selection of the five random cases, the Parties shall supply the Court with a Stipulation and proposed Selection Order listing (1) the five cases selected by Plaintiffs' Co-Lead Counsel; (2) the five cases selected by Defendants; and (3) the five random selections.

## IX.     Filing and Amendment of Complaints in the Trial Pool

Schedule A Plaintiffs selected for the Trial Pool must file an individual complaint within 30 days of entry of the Order identifying the Trial Pool Plaintiffs. The complaint shall include the following language in the caption:  Schedule A Plaintiff Selected for Trial Pool.  Trial Pool Plaintiffs from among the filed cases may serve amended complaints within 30 days of entry of the Order identifying the Trial Pool Plaintiffs.  Schedule A individual complaints and amendments under this section, including all claims, theories of liability, and theories of recovery may vary from those asserted in the exemplar complaints considered by the Court for purposes of briefing Rule 12 issues (*Bennett v. Indivior Inc.*, No. 1:24-sf-65011, ECF No. 12, and *Powell v. Indivior Inc.*, No. 1:24-sf-65787, ECF No. 1) to the extent permitted by Rule 15.

### IX.A.  Dismissal

If a Trial Pool Case is voluntarily dismissed with prejudice after the selection of Trial Pool Cases, the Party that selected that case may select a replacement.  If the case was a random selection, the case will be replaced by random selection from the Core Discovery Pool (not the Alternate Core Discovery Pool).

### IX.B.  Responsive Pleadings

Defendants' deadline to file responsive pleadings and/or motions to dismiss under Rule 12 in response to the operative pleadings in Trial Pool Cases shall be 60 days following selection of the Trial Pool Cases.  The parties are required to meet and confer prior to filing any Rule 12 motions in Trial Pool Cases, and Defendants must certify

22

that the parties could not reach agreement with Co-Lead Counsel and/or Trial Pool case counsel.  Before filing any motion, the parties shall discuss the issue(s) with the Court.

Any Rule 12 motions must be filed based on clear grounds for the relief sought and may not repeat any arguments rejected in ECF No. 173.  Any Rule 12 motions shall be filed in the individual case docket rather than the main MDL docket.  The parties shall negotiate reasonable word limits for each filing and agree on a briefing schedule for response and reply.  Upon filing such a motion, Defendants will file a notice on the main MDL docket reflecting that such motion has been filed.  The Court will schedule oral argument, if desired, thereafter.  If a case selected as a Trial Pool Case is partially or fully resolved on the merits under Rule 12, that case shall not be replaced.

### IX.C.  Discovery

The deadlines for Trial Pool Discovery shall be set forth in the schedule contemplated below.  Discovery in Trial Pool cases is limited as follows:  No Plaintiff may be deposed by a party for more than seven hours, inclusive of both Core Discovery and Trial Pool depositions, except if there is showing of good cause.  Depositions of Plaintiffs in trial discovery remain subject to the distance limitations detailed above (absent agreement of the parties).  Absent agreement of the parties and the witness, the same distance limitations apply to any of Plaintiff's family members, friends, or other fact witnesses including that the deposition be held at a location suitable for taking a deposition.

23

X.      **Final Stage:  Selection of Bellwether Trial Cases**

      X.A.    **Selection of Six Trial Candidates; Strikes**

On the 30th day after completion of fact discovery in the Trial Pool Cases or the Court's ruling on a Rule 12 motion filed in any Trial Pool Case (whichever is later) (or on the Monday following if the 30th day falls on a holiday or weekend), Plaintiffs' Co-Lead Counsel and Defendants' Counsel shall each identify three cases as prospective Trial Cases.  This shall be accomplished by simultaneously exchanging the three identified cases at 3:00 p.m. eastern time on the day of the deadline.  Each party may exercise one discretionary strike to remove one of the opposing party's selected cases, with the result that four cases total will remain in the Trial Pool Cases.

      X.B.    **Negotiation of Any Additional Case-Specific Discovery**

If either side believes any additional case-specific discovery is necessary (in addition to expert discovery, which will be governed by a separate order), counsel will negotiate and agree on its parameters and supply the Court a schedule governing any remaining discovery for the four cases that aligns the close of general and case-specific discovery.

      X.C.    **Sequence of Bellwether Trials and Related Submissions**

Thirty days following the close of general and case-specific discovery, the parties shall meet and confer to attempt to reach agreement on the order of the first four Trial Pool Cases.  To the extent the parties cannot reach agreement, they will each simultaneously submit a memorandum summarizing each of the four Trial Pool Cases and explain which of them should be tried first, and the basis for that

24

contention.  The summary for each Plaintiff included in the memorandum shall not exceed 750 words, exclusive of caption and signature block, and general argument is limited to 2,500 words per side.  In other words, each side's memorandum shall not exceed 5,500 words.

The Court will determine which of the four Trial Pool Cases will be tried first, based on the Parties' filed memoranda.

If a case selected as one of the Trial Pool Cases is voluntarily dismissed with prejudice by that Plaintiff after the selection of the four Trial Pool Cases, Defendants shall have the option (but shall not be required) to select a new trial case to replace it from the Trial Pool.

In the event that a case selected as one of the Trial Pool Cases is resolved on the merits after the selection of the four Trial Pool Cases, that case shall not be replaced.  Resolution on the merits includes any case that is dismissed under Rule 56.

In the event that a case selected as one of the Trial Pool Cases is resolved via settlement after selection of the four Trial Pool Cases, that case may (but need not) be replaced (from the Core Discovery Pool) by the Party who initially selected the settling case to be a Trial Case.

Deadlines related to supplemental fact discovery, expert disclosures and depositions, and Rule 56 and Rule 702 briefing for Trial Pool Cases shall be set in a separate Order or Orders.

If the Court schedules multiple sequential trials, it will set trial-related deadlines after ruling on Rule 56 and Rule 702 motions in connection with each of the four Trial Pool Cases. All trials set under this Protocol will be single-Plaintiff trials.

## XI.    Order Remains in Force

This Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by Order of the Court. The Court retains jurisdiction after termination of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may deem appropriate.

## XII.    Modifying Order

This Order may be modified or amended by the agreement of the Parties or for good cause shown, after appropriate notice and opportunity to be heard is provided to the affected parties, when the Court finds the interests of justice dictate modification. Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court. Nor shall anything in this Order or any Party's compliance with it be construed as a waiver of any Party's rights under applicable law.

**SO ORDERED.**

26

Dated:  March 27, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio