**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE SUBOXONE | ) | Case No. 1:24-md-03092 |
| (BUPRENORPHINE/NALOXONE) | ) | |
| FILM PRODUCTS LIABILITY | ) | MDL No. 3092 |
| LITIGATION | ) | |
| | ) | Judge J. Philip Calabrese |
| This Document Applies to All Cases | ) | |
| | ) | |

## ORDER

In this Order, the Court addresses Plaintiffs' submissions (or their failures to respond) and Defendants' responses to the Court's Order to show cause why Plaintiffs did not comply with Case Management Order No. 12. For each Plaintiff's submission, the Court either (1) dismisses the Plaintiff's claims with prejudice in accordance with Case Management Order No. 12 or (2) allows Plaintiff's claim to continue based on a showing of good cause.

## PROCEDURAL BACKGROUND

On November 4, 2024, the Court issued Case Management Order No. 12 (ECF No. 158), establishing a census protocol for Plaintiffs with cases filed on or before October 7, 2024. This census protocol aimed to obtain proof of product use and proof of a relevant dental injury for each such Plaintiff and required the completion of a census form and the execution of certain authorizations.

Case Management Order No. 12 also provided a protocol for Defendants to serve deficiency notices, including asserting that census records of certain plaintiffs are incomplete or inadequate. (*Id.*, PageID #4041–42.) The Court gave these

Plaintiffs 30 days from the date of a deficiency notice to correct the deficiency.  (*Id.*, PageID #4042.)  Where defense counsel believes that deficiencies have not been corrected within 30 days, defense counsel may request a meet and confer with plaintiffs' counsel.  (*Id.*)  Additionally, the Order states that "[p]laintiffs who cannot substantiate injury or product identification within the applicable deadline will be dismissed with prejudice."  (*Id.*)

Plaintiffs are subject to Case Management Order No. 12.  Defense counsel notified Plaintiffs of deficiencies in their census records.  These deficiencies were not corrected in the allotted 30-day period.  Therefore, on April 3, 2025, the Court entered a Show Cause Order.  (ECF No. 675.)  The Court ordered certain Plaintiffs to show cause why he or she did not comply with Case Management Order No. 12 by April 17, 2026.  (*Id.*)  To show cause, a Plaintiff needed to "(1) correct the deficiencies at issue and (2) file a memorandum demonstrating good cause why the deficient material was not timely submitted."  (*Id.*, PageID #11168–69.)  Defendants had seven days to respond to any submission.  (*Id.*, PageID #11169.)

## ANALYSIS

In the context of Rule 16 of the Federal Rules of Civil Procedure, the Sixth Circuit notes that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted).  "Another relevant consideration is possible prejudice to the party opposing the modification."  *Id.* (citation omitted).  "[C]arelessness is not compatible with a

2

finding of diligence and offers no reason for a grant of relief." *E.E.O.C. v. Honda of America Mfg., Inc.*, No. 2:06-cv-0233, 2007 WL 1024426, at *1 (S.D. Ohio Mar. 29, 2007) (citation omitted). "It is well settled that the good-cause determination is left to the Court's sound discretion, and [the plaintiff] bears the burden to establish good cause." *Wise v. Department of Def.*, 196 F.R.D. 52, 54 (S.D. Ohio 1999) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) (evaluating good cause in the context of Rule 4)).

The Court has reviewed Plaintiffs' submissions and Defendants' responses. Generally, Plaintiffs' submissions fall into two categories. In the first, there are what the Court determines to be excuses for a lack of diligence that lack merit. These circumstances include issues regarding phone service, lack of communication with counsel, lack of understanding of deadlines and obligations, and miscommunications or misunderstandings. These types of circumstances do not establish good cause for failure to comply with the Court-ordered deadlines because they demonstrate that Plaintiffs did not act diligently and were not excused from doing so. *See, e.g., Pyfrom v. ContactUS, LLC*, No. 2:21-cv-4293, 2023 WL 32843, at *4 (determining that good cause existed for an untimely filing in part because the party exhibited "diligence in checking her mail for legal-related mailings"); *Bearup v. Cintas Corp.*, No. 1:21-cv-151, 2025 WL 887692, at *3 (S.D. Ohio Mar. 21, 2025) (determining that it was unreasonable in the context of excusable neglect for the plaintiff not to apprise counsel of her new contact information during a show cause order); *Thul v. Haaland*,

3

No. 22-5440, 2023 WL 6470733, at *3 (6th Cir. Mar. 1, 2023) (determining that the plaintiff's misunderstanding of the law "did not constitute good cause").

In the second category fall Plaintiffs that filed a submission to which Defendants did not reply.  At the status conference on April 22, 2026, Defendants confirmed that they did not oppose a showing of good cause.  Additionally, there exists a set of Plaintiffs that did not file a submission.  Therefore, these Plaintiffs did not comply with the Court's Order to Show Cause.  And such a failure constitutes grounds for dismissal with prejudice.  (ECF No. 675; PageID #11169 ("For those Plaintiffs listed in Exhibits A through E who do not submit a response within 14 days from the entry of this Order, the Corut will dismiss their claims with prejudice."); ECF No. 158, PageID #4042 ("Plaintiffs who cannot substantiate injury or product identification within the applicable deadline will be dismissed with prejudice.").)

## I.    Schedule A Plaintiffs Subject to the Court's Order to Show Cause (ECF No. 675)

Plaintiffs filed the following submissions, which the Court addresses under broad headings.

### I.A.    Disputed Submissions

For the following Plaintiffs, the parties dispute whether Plaintiff has demonstrated good cause.  In several submissions, Plaintiffs offered miscommunication or misunderstanding with counsel and failure to communicate as an excuse for their noncompliance.  These excuses included misunderstandings of the deadlines, case obligations, and case status and sustained communication issues.  It is incumbent on Plaintiffs to understand their case obligations and for counsel to work

4

with their clients to prevent or minimize misunderstandings. Plaintiffs are also required to stay in communication with counsel. Such miscommunication or misunderstanding and failure to communicate with counsel does not excuse a lack of diligence. Therefore, the Court **DISMISSES WITH PREJUDICE** the following Plaintiffs' claims:

| ECF No. | Last Name |
|---------|-----------|
| 671 | Hull |
| 689 | Smith |
| 695 | Hall |

### I.B.  Dismissals with No Objection

Several submissions involved counsel representing that they were unable to contact their clients despite diligent efforts to do so. Counsel for these Plaintiffs do not oppose dismissal. Failure of communication with counsel demonstrates a lack of diligence. Therefore, the Court **DISMISSES WITH PREJUDICE** the claims of the following Plaintiffs':

| ECF No. | Last Name |
|---------|-----------|
| 680 | Jone |
| 680 | Rivera |
| 680 | Rodriguez |
| 680 | Signorino |
| 680 | Whitman |
| 680 | Bommer |

| 680 | Case |
|---|---|
| 680 | Cook |
| 680 | Cushman |
| 680 | Davis |
| 680 | Doan |
| 680 | Freeman |
| 680 | Goin |
| 680 | Guldenschuh |
| 680 | Guzzetta |
| 680 | Jone |
| 680 | Cabrera |
| 680 | Alexander |
| 680 | Deeter |
| 680 | Jorge |
| 680 | Jayne |
| 680 | Gardner |
| 680 | Burris |
| 680 | Daughdrill |
| 692 | Smith |
| 692 | Blasingame |

### I.C.    Surviving Claims with No Objection

Defendants do not object to a finding of good cause based on the submissions of several Plaintiffs.  Based on its independent review, and without objection, the Court determines that the following Plaintiffs' claims survive:

| ECF No. | Last Name |
|---------|-----------|
| 681 | Hughes |
| 690 | Oglesby |
| 696 | Sheriff |

### I.D.    Dismissal with No Response

In its Order to Show Cause, the Court ordered that if any Plaintiff failed to respond by April 17, 2026, their action and claims would be dismissed with prejudice. (ECF No. 675, PageID #11169.)  Therefore, the Court **DISMISSES WITH PREJUDICE** the claims of Schedule A Plaintiffs listed on **Exhibit A.**

## II.    Individual Plaintiffs Subject to the Court's Order to Show Cause (ECF No. 675)

Plaintiffs with individually filed cases were subject of the Court's Order to Show Cause.

### II.A.  Jackson

Counsel for Plaintiff James Jackson represents that they were unable to contact him despite diligent efforts to do so.  Counsel does not oppose dismissal. Failure of communication with counsel demonstrates a lack of diligence.  Therefore, the Court **DISMISSES WITH PREJUDICE** his claim:

| Individual Case No. | Last Name |
|---------------------|-----------|
| 1:24-sf-65342 | Jackson |

## II.A.  King

Plaintiff Keith King did not respond to the Court's Order to Show Cause. Failure to respond results in dismissal with prejudice.   (ECF No. 675, PageID #11169.)  Therefore, the Court **DISMISSES WITH PREJUDICE** his claim:

| Individual Case No. | Last Name |
|---------------------|-----------|
| 1:24-sf-65003 | King |

## CONCLUSION

The Court **DIRECTS** counsel to make the appropriate adjustments to Schedule A before the next status conference.  The Court will docket appropriate judgments in the individually filed cases.

**SO ORDERED.**

Dated:  April 24, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio