**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE SUBOXONE (BUPRENORPHINE/NALOXONE) FILM PRODUCTS LIABILITY LITIGATION | ) | Case No. 1:24-md-03092 |
| | ) | MDL No. 3092 |
| | ) | Judge J. Philip Calabrese |
| This Document Applies to All Cases | ) | |

**MEMORANDUM OPINION**

On August 18, 2026, the Court held an in-person status conference on the record. At that conference, the Court discussed recent progress on discovery, among other matters. (ECF No. 816.) On the topic of Defendant-centered discovery, the PLC again requested prior litigation testimony of custodians of documents in this case and witnesses designated pursuant to Rule 30(b)(6). The PLC raised concern that a complete deposition transcript found in the custodial file of a witness shows that the version of the transcript Defendants produced did not follow the parties' agreements and the Court's orders. Specifically, the PLC pointed to specific pages in the complete transcript that were omitted from production and appear to bear on the four previously agreed categories: organizational structure; clinical studies; safety issues regarding dental injuries; and product development. Defendants disagree that the particular passages at issue fall those categories.

The PLC provided the Court with the complete transcript and the version Defendants produced. The Court advised the parties that it would review the same and took the matter under advisement. Based on in-camera review of the two

transcripts, the Court determines that some of the withheld content falls within the four categories and ought to be produced.

## I. Organizational Structure

Information regarding the professional roles and duties of relevant individual personnel falls within the above category and should be produced. This includes the roles and duties of individuals who participated in the research or development of the products that give rise to this litigation. By way of illustration, the following portions of information and sections of text should be produced as relevant to organizational structure:

- The role and involvement of Dr. Graham Cairns in researching and developing Suboxone.
  - Page 16, Line 5 through Page 18, Line 22.
  - Page 38, Line 22 through Page 39, Line 21
- The organizational structure of entities and personnel directly involved in developing Suboxone.
  - Page 31, Line 9 through Page 34, Line 13
  - Page 84, Lines 21 through 24
- The role of Justin Speight in technical business development.
  - Page 67, Line 18 through Page 68, Line 1

## II. Product Development

In the Court's view, this category includes relevant safety considerations that arose in the context of product development. Therefore, internal discussions of the overall safety profile, considerations, risks, and benefits for those using the product are discoverable. Reasonable people may fairly debate the boundaries of such

information. Within the transcript provided, in the Court's view, the following portions of text fall into this category and should be produced:

- Page 147, Line 11 through Page 159, Line 2
- Page 173, Line 21 through Page 174, Line 18
- Page 232, Lines 4 through 10
- Page 235, Line 17 through Page 236, Line 21

Various other pages of the transcript might appear to be implicate product development or safety. But the witness does not know the answer to the question posed or has no first-hand knowledge.

## III. Necessary or Helpful Context

Portions of adjacent pages that provide necessary context for produced pages should be included as part of production. Specifically, this heading includes pages introducing an exhibit or providing other context or explanation about it immediately before counsel elicited substantive testimony regarding its contents. Within these adjacent pages, Defendants may redact or otherwise withhold information relevant to antitrust. Similarly, if produced pages reference an exhibit that was presented during testimony, that exhibit should be made available to the PLC.

By way of illustration, the following portions of text offer necessary context for produced pages:

- Page 53, Lines 23-25 & Page 54, Lines 1–25
- Page 58, Lines 13–25
- Page 78, Lines 9–25

- Page 92, Lines 5–25
- Page 252.

* * *

Although the complete transcript at issue was provided as part of a custodial file, the Court provides the guidance in this Memorandum Opinion in the interest of facilitating discovery and avoiding future disputes between the parties.

**SO ORDERED.**

Dated: August 28, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio